STEINER *v.* SUPREME COURT INDEPENDENT ORDER OF FORESTERS.

INSURANCE — MUTUAL BENEFIT INSURANCE — ACTION ON POLICY — EXHAUSTING REMEDIES WITHIN ORDER.

Where the laws of a mutual benefit insurance society provide that a member is bound by the decision of the chief officer unless he appeals therefrom to the executive council within 20 days from the date of the decision, and a member is not notified of the rejection of his claim by the chief officer until after more than 20 days have elapsed, notwithstanding the laws also provide that parties interested shall be notified at once whenever a decision is made, the member is not entitled to an appeal, and it cannot be said that he has not exhausted his remedy within the order before bringing suit upon his claim.

Error to Saginaw; Gage (William G.), J.    Submitted February 13, 1907.    (Docket No. 135.)    Decided October 4, 1907.

Assumpsit by John J. Steiner against the Supreme

Court of the Independent Order of Foresters on a policy of insurance. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Reversed.

*George C. Ryan* (*R. L. Crane*, of counsel), for appellant.

*Dickinson, Stevenson, Cullen, Warren & Butzel* (*Choate & Webster*, of counsel), for appellee.

CARPENTER, J. Plaintiff was a member of and insured by the defendant order. Under the claim that he is totally and permanently disabled he brought this suit to recover on his contract of insurance.' The trial court directed a verdict in favor of defendant upon the ground that plaintiff did not exhaust his remedies in defendant's order before bringing suit, and the correctness of this decision is the only question presented by this record. Was this decision right ? Did the trial court err in directing a verdict on the ground that plaintiff did not exhaust his remedies in the order before bringing suit ?

We state such facts as are necessary to a proper determination of this question. In January, 1900, plaintiff filed with defendant order a petition to be placed on the probationary list for total and permanent disability. (Until he was on this list six months he was not, under the laws of the order, entitled to the insurance sued for.) This petition, as required by the laws of the order, was submitted to the supreme chief ranger and he, on May 1, 1900, rendered a decision denying the same. Under the laws of the order plaintiff had a right to appeal from this decision to the executive council "within 20 days from the date of the decision," and the laws also provided that "the parties interested shall be notified at once whenever a decision is made." It was further provided that "any aggrieved party failing to take an appeal from any action or decision in the manner or within the time laid down in the constitution and laws of the order shall be bound by

such action or decision and shall have no further recourse whatever, whether in law or equity in respect to the subject-matter of such action or decision," and also that "no member of the order shall be entitled to bring any civil action or other legal proceeding against the supreme court until he shall have exhausted all the remedies provided in the constitution and laws of the order by appeals and otherwise." According to the testimony of the plaintiff (which we must assume to be true), no notice of the decision of the supreme chief ranger was given until February, 1903 — and this notice did not reach plaintiff until the following May or June—and he, therefore, made no attempt to appeal, as provided by the rules of the order. Under these circumstances is it correct to say that plaintiff did not exhaust the remedies in defendant's order before bringing suit? The provisions requiring an appeal to be taken "within 20 days from the date of the decision" and making said decision final, unless said appeal is taken, are to be read in connection with the provision that "the parties interested shall be notified at once whenever a decision is made." This is conceded by defendant's counsel, but they contend that the laws of the order, properly construed, gave plaintiff 20 days to appeal after he received notice of this decision, and because he did not appeal within said 20 days he did not exhaust his remedy in the order, as required by its laws. This contention would be more meritorious if it were shown that the defendant order had itself placed that construction upon its laws. In that case it may be that plaintiff and this court would be bound by such construction. But it does not appear that defendant has so construed these laws. Under these circumstances, we must construe them, and we cannot construe them in accordance with defendant's contention. Those laws say "all appeals must be taken within 20 days from the date of the decision," and not "within 20 days from the date the aggrieved party receives notice of the decision." Those laws also say that "any aggrieved party failing to take

an appeal from any decision within the time laid down in the constitution and laws of the order shall be bound by such decision." In our judgment said defendant did not intend to give and, therefore, did not give, a right of appeal after the lapse of "20 days from the date of the decision." The construction which we place upon defendant's laws is this: A party aggrieved by a decision of the supreme chief ranger must appeal—and he is bound by the decision, if he does not appeal—within 20 days from the date of the decision, provided he is duly notified of the same. The contingency of an aggrieved party not being duly notified appears not to have been thought of and is not provided for. That party has, therefore, no right of appeal or any other remedy furnished by the laws of the order. Under this reasoning plaintiff had exhausted all the remedies of the order before bringing suit.

The trial court erred in directing a verdict for defendant. The case should have been submitted to the jury.

Judgment reversed, and a new trial ordered.

McALVAY, C. J., and GRANT, BLAIR, and MONTGOMERY, JJ., concurred.