## RUTERBUSCH *v.* SUPREME COURT OF THE INDEPENDENT ORDER OF FORESTERS.

1. INSURANCE—JOINDER OF PARTIES—LIFE INSURANCE.

    It is not a misjoinder, in an action on a life insurance policy payable in stated amounts to several beneficiaries, to join them as parties plaintiff.

2. SAME—BURDEN OF PROOF AS TO SUICIDE.

    The burden of proof in such action is on the defendant to show that the insured committed suicide, as a defense under the terms of the policy.

3. SAME — APPEAL — EXHAUSTING REMEDIES — FRATERNAL BENEFICIARY SOCIETY.

    Failure to give notice of the association's decision as to a claim for insurance against a fraternal beneficiary association, until after the time had elapsed for taking an appeal to a higher tribunal of the order, waives the by-law limiting the time for appeal.

4. APPEAL AND ERROR—SAVING QUESTIONS FOR REVIEW.

    The point that such by-law had been amended so as to prevent the waiver cannot be raised for the first time in the Supreme Court.

5. INSURANCE — FRATERNAL BENEFICIARY ASSOCIATIONS — EXHAUSTING REMEDIES IN THE ORDER.

    Where defendant had deprived plaintiff of his right to appeal within the order, by failing to give notice of its determination in time to permit an appeal under its by-laws, plaintiff did not lose his right to institute an action by attempting to obtain a hearing before the final tribunal of the association.

Error to Bay; Collins, J. Submitted April 20, 1910. (Docket No. 123.) Decided July 14, 1910.

Assumpsit by William Ruterbusch and others against the Supreme Court of the Independent Order of Foresters on a policy of insurance. A judgment for plaintiffs is reviewed by defendant on writ of error. Affirmed.

*Stevenson, Carpenter & Butzel (Charles W. Hitch-cock* and *Joseph S. McDowell,* of counsel), for appellant.

*De Vere Hall,* for appellees.

BLAIR, J. In March, 1904, the defendant upon the application of Leonora Ruterbusch, wife of the plaintiff William Ruterbusch, issued to her its benefit certificate whereby it did agree, among other things, "on the death of the said member being established to the satisfaction of the executive council, to pay to the beneficiary or beneficiaries designated hereon  *  *  *  a mortuary benefit of one thousand dollars."

By indorsement on the certificate, Mrs. Ruterbusch directed that the mortuary benefit due at her death be paid to the following beneficiaries:

| | |
|---|---:|
| William Ruterbusch, husband | $200 |
| Elsie Maud Ruterbusch, daughter | 150 |
| Leonora Ruterbusch, daughter | 150 |
| Helen Sophia Ruterbusch, daughter | 150 |
| Ruth Beatrice Ruterbusch, daughter | 200 |
| Walter William Ruterbusch, son | 150 |

Mrs. Ruterbusch died April 10, 1905, from the effects of carbolic acid administered by herself, and, the defendant refusing to pay the mortuary benefit, William Ruterbusch brought this action in his own right and as next friend of the five infant children. Defendant demurred to the declaration on the ground of a misjoinder of plaintiffs, the demurrer was overruled, the case tried by a jury, and verdict and judgment rendered for plaintiff.

Appellant groups the assignments of errors as follows:

"(*a*) There is a misjoinder of parties plaintiff and causes of action.

"(*b*) Under the constitution and by-laws of defendant society, if appellees are entitled to recover at all, they are only entitled to recover one-thirtieth of the amount of mortuary benefit held by decedent, or $33.34, she having come to her death by self-destruction within three years after her initiation into the order.

"(*c*) Under the constitution and by-laws of defendant

society, it was the duty of appellees to appeal from the finding of the supreme chief ranger within 20 days after receipt of notice of his decision made October 18, 1905, and failure to do so barred any action or right to recover in this case.

"(*d*) Under the constitution and by-laws of defendant society, it was the duty of appellees to exhaust their remedy within the order, and failing to prosecute their appeal before the supreme court, they are foreclosed from suing in a court of law or equity on such benefit certificate."

(*a*) In support of this point, counsel cite 4 Joyce on Insurance, § 3647; 11 Enc. Pl. & Prac. p. 402; 25 Cyc. p. 915; *Keary* v. *Life Ass'n,* 30 Fed. 359. The *Keary Case* is referred to in support of the text in Cyc., the Enc. of Pl. & Prac., and Joyce. The decision in the *Keary Case* was apparently based, to some extent, at least, upon "the practice which obtains and the rule laid down under the State code." Our attention has not been called to any statute of this State, nor are we aware of any such statute, which affects the question before us.

In *Voss* v. *Insurance Co.,* 119 Mich. 161 (77 N. W. 697, 44 L. R. A. 689), it was held that one of two beneficiaries in an insurance policy could not maintain an action against the company to recover his proportion of the insurance without accounting for his failure to join the other beneficiary. If, in the present case, Mrs. Ruterbusch had not specified the amount to be paid to each, the case would be ruled by the *Voss Case.* We do not think the use of fractions to designate the amount received should require that all should sue, when, if the corresponding shares were specified in cash, each must sue for his own share. Nor do we think that the fact that the fractional proportions are different should change the result. In its essence the contract provides that the interest of the beneficiaries in the policy is joint, and that the company is to pay one entire sum to be divided among the beneficiaries as joint owners of such fund in specified proportions. As was said in *Castner* v. *Insurance Co.,* 46 Mich. 18 (8 N. W. 554):

"It can make no necessary difference to the insurance company in what way their interests are apportioned."

See, also, *Olson* v. *Morrison*, 29 Mich. 395; *Monaghan* v. *Insurance Co.*, 53 Mich. 238 (18 N. W. 797); *Beebe* v. *Insurance Co.*, 93 Mich. 514 (53 N. W. 818, 18 L. R. A. 481, 32 Am. St. Rep. 519). We are of the opinion that the court did not err in holding that there was no misjoinder of plaintiffs.

(*b*) The burden of proof was upon defendant to show that the insured committed suicide. *Ferris* v. *Court of Honor*, 152 Mich. 322 (116 N. W. 448). We cannot say that the evidence, though strongly supporting defendant's contention, was conclusive upon this point. There was also testimony tending to show that Mrs. Ruterbusch might have taken the acid by mistake.

(*c*) The provision of defendant's laws as to an appeal in force at the time of the member's death was as follows:

"All appeals must be made within twenty days from the date of the decision, except from a decision of a high chief ranger, or from the decision of the supreme chief ranger, when the high court or supreme court, as the case may be, is in session, when an appeal must be taken forthwith and before any other business is begun."

There was testimony tending to show that notice of the decision of the supreme chief ranger was not given to the beneficiaries until after the time for appeal had expired, and such failure to give the notice, if found by the jury, would constitute a waiver of the by-law. *Steiner* v. *Supreme Court I. O. F.*, 149 Mich. 567 (113 N. W. 15).

But it is said that the law relative to appeals was amended by defendant in the session of July and August, 1905, after the death of Mrs. Ruterbusch, so as to provide, as follows: "An appeal must be taken within twenty days from the time written notice of the decision is given to or served upon the interested party," etc.; and that this provision was in force at the time the beneficiaries actually received notice of the decision of the supreme chief ranger and they permitted more than 20 days thereafter to elapse

before taking an appeal and thereby became bound by such decision. We find no proof in the record of the adoption of any such amendment. All that the record contains on the subject is the following:

"*Mr. Hall:* I wish to offer in evidence also, in view of the statement of counsel, that at the last meeting of the defendants, they changed the by-laws so that they should always meet in Toronto. I offer in evidence the constitution and by-laws of the defendant enacted in July and August, 1905, being the last meeting before the suit was begun. The same was admitted in evidence, and is marked 'Exhibit 6,' and is attached hereto. It is stipulated and agreed by and between the parties hereto, that for the sake of economy and brevity said Exhibit 6 may be omitted from the printed record.

"Counsel for plaintiffs called attention to section 5 at page 22, reading as follows:

"'Session of the supreme court and regular and special sessions. The supreme court shall meet in regular sessions, triennially or quadrennially, as the supreme court shall determine from time to time at the headquarters of the order, in the city of Toronto, Can.'"

Although the offer of plaintiffs' counsel included the entire constitution and by-laws, it is apparent that he was specifically offering section 5 at page 22 thereof. There is nothing in the record to indicate that defendant's counsel directed the attention of the court or opposing counsel to an amendment of the by-law as to the time for taking an appeal, or claimed any benefit or legal right by virtue of it. It is not referred to in defendant's requests to charge, nor mentioned in the charge of the court, and is only before us in defendant's brief. Under such circumstances, we must decline to consider the effect of the amendment upon the rights of the parties.

(*d*) The jury have found that defendant deprived plaintiffs of their opportunity to appeal within the time prescribed in the by-laws and he, therefore, had—

"No right of appeal or any other remedy furnished by the laws of the order. Under this reasoning plaintiff had

exhausted all the remedies of the order before bringing suit." *Steiner* v. *Supreme Court I. O. F., supra.*

Although plaintiffs were under no obligation to take any further proceedings before the tribunals of the order, they did attempt to appeal to the executive council, but, after considerable delay, were notified that the council would not entertain their petition, for the reason that they had not taken their appeal within 30 days.

On April 24th, following, an appeal from the action of the executive council to the supreme court was taken, the petition therefor and the affidavit each containing a request that the supreme court convene in special session at some convenient place of reasonable access and entertain jurisdiction of the appeal, the affidavit accompanying the same setting forth that it would be necessary for plaintiff to secure the testimony of numerous witnesses to establish the justness of his claim, all of whom resided at Bay City, and that some of the witnesses declined to make voluntary affidavits concerning the matter, and that there was no process of law known by which he could compel such witnesses to testify outside of a court of law or equity; that plaintiff was advised that the next regular session of the supreme court would not be held until some time in the year 1909, which session might, under the laws of defendant, be held in any country where defendant had branches, including Europe and Australia, and that the appeal of plaintiff would thus be required to be brought on in such foreign countries, at an unreasonable distance from his residence and at an expense which would be prohibitive of the attendance of witnesses, and that substantial justice could not be done, unless the claim be heard speedily and at some place within reasonable distance from Bay City.

Under date of May 15, 1906, a communication was forwarded by the supreme secretary to counsel in which he stated:

"Your appeal, and all other papers and correspondence in the matter, will be presented to the supreme court at its

next session.   With respect to the matter of your petition that the executive council order a session of the supreme court at some convenient place within a reasonable time to hear your appeal, the executive, at its recent meeting on the 7th instant, declined to order a special session of the supreme court.   Your appeal will be presented to the supreme court at its next regular session."

Thereupon, plaintiffs' counsel advised defendant that suit would be instituted.

We do not think that the efforts of the plaintiffs to get a hearing of their claim by the courts of the order, after their release from any legal obligation to do so, should be held to affect their right to seek redress in the courts of law.   The appeals which they were seeking were not required of them, but were prohibited to them by the laws of the order, and, if allowed, would only be by courtesy. The fact that the laws of the order, upon the failure of the supreme chief ranger to serve timely notice of his decision, prevented any appeal, clearly distinguishes this case from *Conley* v. *Supreme Court I. O. F.*, 158 Mich. 190 (122 N. W. 567), and the cases therein cited.

The judgment is affirmed.

Ostrander, Hooker, Moore, and Stone, JJ., concurred.