Strafford, June 25, 1941. } No. 3256.

JERRY BEROUNSKY *v.* WILLIAM F. OGDEN.

*Hughes & Burns (Mr. Walter A. Calderwood, Jr.* orally,) for the plaintiff.

*Paul E. Nourie* (by brief and orally), for the defendant.

MARBLE, J. The defendant contends that the evidence introduced at the second trial so convincingly demonstrates that he was free from fault and that the plaintiff was guilty of contributory negligence that the motions for a nonsuit and directed verdict should have been granted.

This contention is without merit. Evidence that the plaintiff may have turned his car farther to the right than appeared at the first trial does not prove beyond question that he was mistaken in his positive assertion, made at both trials, that the wheels of the parked car were close to the center line of the highway. Nor does the fact that the plaintiff first "took notice" of the lights of the defendant's car as he (the plaintiff) passed a signpost located 663 feet distant from the scene of the accident conclusively establish the plaintiff's contributory fault. It is a fair inference from his testimony as a whole that he did not realize that the defendant's car was on the westerly side of the road until he had reached a point considerably beyond the signpost, and that he did not discover that the car was stationary until he had approached still nearer the lights.

The jury had a view of the place where the accident occurred. In his statement preceding the view counsel for the plaintiff asked the jurors to have in mind when visiting the scene of the accident that

"the Ogden car was headed northerly but on what we will call the wrong or the westerly side of the highway." Defendant's counsel moved that "that remark be stricken from the record." He did not indicate what part of the remark he deemed objectionable. The motion was denied subject to exception. Thereupon plaintiff's counsel explained that he meant that the car was on "the west side headed northerly facing traffic coming south."

It is true, as stated in the plaintiff's brief, that the left-hand side of the road is popularly referred to as the wrong side. But even if, as the defendant insists, the remark of plaintiff's counsel may be said to constitute an erroneous statement of the law which he "sought to inject into the minds of the jury," the exception remains unavailing, since the instructions of the Presiding Justice contain a clear exposition of the law applicable to parking and a definite declaration that there is "no statutory or common-law rule of the road which prohibited the defendant from parking his automobile to the left of the center" of the highway. See *Voullgaris* v. *Gianaris*, 79 N. H. 408, 409; *Tuttle* v. *Dodge*, 80 N. H. 304, 314; *State* v. *Mannion*, 82 N. H. 518, 525; *Weiss* v. *Wasserman*, ante, 164.

Many of the defendant's exceptions to the admission of evidence fall within the rule that leading questions are permissible in the trial court's discretion. *Atherton* v. *Rowe*, 89 N. H. 196, 200, and cases cited.

The defendant excepted to an answer of the plaintiff "as being irresponsive and hearsay also." It is evident that the plaintiff did not understand the question asked him, his answer was partly responsive, and it did not constitute hearsay evidence. The defendant does not indicate how he could have been prejudiced by the answer, and he made no claim at the trial that the testimony was prejudicial. The exception is overruled. See *Bullard* v. *McCarthy*, 89 N. H. 158, 160, and cases cited.

The plaintiff was allowed on redirect examination to explain his answer to a particular question. The defendant excepted on the ground that the meaning of the answer was for the determination of the jury. The plaintiff spoke very imperfect English, and it was entirely proper for the Presiding Justice to permit the specific explanation to be made. The latitude allowed counsel in examining his own witness is within the discretion of the trial court. *Ford* v. *Ford*, 89 N. H. 292, 296.

The printed record refutes in essential respects the defendant's contention that an inquiry to which he objected was based on an assumption not warranted by the evidence. Furthermore, the Pre-

siding Justice explicitly stated that the question embodied "Just an assumption," and added: "Whether in the evidence or not, that is for the jury to decide."

The defendant excepted to the admission of certain opinion evidence as an invasion of the province of the jury. The admission of this testimony was not error. *Dowling* v. *Company, ante,* 234, and cases cited. Nor is any error apparent in the ruling of the Presiding Justice permitting plaintiff's counsel to interrogate one of the defendant's witnesses concerning his testimony at the earlier trial.

Those portions of the argument of plaintiff's counsel to the allowance of which the defendant excepted were substantiated by the evidence. Moreover, in each instance but one, the statement objected to was promptly withdrawn. By denying the motion to set aside the verdict the Presiding Justice "has found that the jurors were not swayed by prejudice and that the trial was fair." *Bullard* v. *McCarthy,* 89 N. H. 158, 161, 162.

It was held on the former transfer that the case was properly submitted to the jury under the emergency doctrine. The evidence introduced at the subsequent trial was not substantially different from that originally introduced. The exception to the submission of the issue is accordingly overruled.

The exception to the denial of the motion to set aside the verdict presents no question of law not already considered.

*Judgment on the verdict.*

BRANCH and BURQUE, JJ., did not sit: the others concurred.