NORMAN M. BEAN *v.* MERCANTILE INSURANCE COMPANY OF AMERICA.

*Pike & Aldrich (Mr. Pike* orally), for the plaintiff.

*Thorp & Branch (Mr. Branch* orally), for the defendant.

BLANDIN, J.   The defendant's first contention that there was no evidence to warrant submission to the jury of the question whether the plaintiff recovered his sanity within the thirty days prior to August 29, 1935, must be overruled.   This issue has been passed on unfavorably to the defendant by this court at a prior trial of the same case, involving the same issue, in which another defendant, Philadelphia Fire and Marine Insurance Company, was joined.   See *Bean* v. *Insurance Company*, 88 N. H. 416.

A careful comparison of the plaintiff's evidence in both instances indicates that it was more favorable to the plaintiff at the last trial than at the former, and we have no hesitation in holding this issue was properly submitted to the jury.

The defendant's next exception that the Court erred in allowing the jury to pass upon the question of whether the plaintiff set fire to the premises while insane must also be overruled.   There was substantial evidence to the effect that the plaintiff was insane at the time in question.   Harry W. Perkins, a witness called by the plaintiff,

testified that Bean was insane in 1934, before the fire, and also in December, 1935, a few months afterward. Dr. J. M. Page, another of the plaintiff's witnesses who saw him two days after the fire, said he was insane then and that his condition was substantially the same at that time as when he saw him on the night of the fire. This evidence, coupled with other credible testimony as to the plaintiff's extraordinary actions, both before and immediately after the fire, are clearly sufficient for submission of the question to the jury.

The defendant finally contends that the plaintiff, having elected to stand on his claim that he did not set the fire, is bound by it under the doctrine of *Harlow* v. *Leclair*, 82 N. H. 506, and therefore is not entitled to have the jury pass on the question as to whether he set it while insane. The defendant further states that in any event this is an attempt to defraud the company which bars the plaintiff from recovery under the decisions of *Saidel* v. *Society*, 84 N. H. 232, and *Moreau* v. *Insurance Company*, 84 N. H. 422. No such claims were made by the defendant at the trial, and it would appear that it is now too late to raise them. *Plante* v. *Manchester*, 83 N. H. 57; *Bullard* v. *McCarthy*, 89 N. H. 158. The sole ground of the defendant's exception taken at the trial to the submission of the question of the plaintiff's sanity at the time of the fire to the jury was as follows: "The defendants except to the submission to the jury of the issue of whether or not the plaintiff burned the property while insane, on the ground that there is no evidence from which it could be found that the burning of the building, or burning of the property, was the result of any existing insane condition, and was the result of insanity."

It has been held that when a specific objection is raised at the trial, no others will be considered by the Supreme Court. *Plante* v. *Manchester, supra; Bullard* v. *McCarthy, supra; Berounsky* v. *Ogden*, 91 N. H. 424.

However, a further answer to these contentions of the defendant appears to be that the jury may have found that the plaintiff set the fire while insane and had no recollection of this afterward, so that if his testimony was erroneous his mistake was an honest one, and hence the doctrine of *Harlow* v. *Leclair, supra*, does not apply. *Cote* v. *Stafford, ante*, 251. Nor was there any attempt to defraud the company within the principle of the cases cited by the defendant, since in each of those instances the court held that the plaintiff consciously attempted to defraud.

The jury had an opportunity to observe the plaintiff's actions at the trial. There was evidence that he was not normal at that time,

among others from Dr. Hugh Galbraith, a psychiatrist appearing in the plaintiff's behalf, and from Dr. P. A. Pion, who also appeared for the plaintiff. Certainly, it cannot be said as a matter of law that the jury were bound to find a conscious attempt to defraud on the part of the plaintiff.

No fatal inconsistency is perceived in allowing the plaintiff to plead that he did not set the fire, since the jury may have believed this to be true, or at least his honest recollection, and at the same time to claim that if he did set it, he acted while insane. Such inconsistent pleas are not prohibited, and our courts have allowed similar latitude. *True* v. *Huntoon*, 54 N. H. 121; *Dedes* v. *Dedes*, 93 N. H. 215.

Defendant's other exceptions are neither briefed nor argued and are deemed waived.

*Exceptions overruled.*

BRANCH, C. J., did not sit: the others concurred.