———o———

ABNER C. JOHNSON ET AL. V. THE CONTINENTAL INSURANCE COMPANY OF THE CITY OF NEW YORK.

*Insurance—Recovery of money paid on losses--Receipts—Special questions.*

Assumpsit for money had and received will lie without a special count at the suit of an insurance company to recover back the amount paid on a loss where the policy had been made void by fraudulent representations as to the extent of the loss.

An insurance company need not return the receipt for the amount paid on a loss before suing to recover back the money.   It is merely evidence and has no intrinsic value.

Failure to answer special questions submitted to the jury cannot affect the verdict against the party asking them where answers in his favor would not affect the general result.

Error to Genesee.   Submitted June 5.   Decided June 11.

ASSUMPSIT.   Defendants bring error.

*Wisner & Johnson* and *A. C. Baldwin* for plaintiffs in error. Special questions to the jury should be material and must be definitely answered. Comp. L., § 6026; *Crane v. Reeder*, 25 Mich., 316; *Harbaugh v. Cicott*, 33 Mich., 241; *Foster v. Gaffield*, 34 Mich., 356.

*Wm. Newton* and *Ashley Pond* for defendant in error.

GRAVES, J. The company sued in assumpsit to recover back of plaintiffs in error nearly $4000 paid them in February, 1873, upon their claim of loss under a policy of insurance the company had previously made to them on a dwelling house and personal effects contained in it. The declaration consisted of the common counts, and of a special count containing some explanation of the cause of action. The general issue being pleaded, the cause was tried before a jury who found for the company for the amount which had been paid with interest. Judgment was then entered by the court and the plaintiffs in error now ask a review of the proceedings upon writ of error and bill of exceptions.

*First.* The first charge of error complains of the special count in the declaration, which is said to be fatally defective for lack of precision and necessary facts. This objection might require us to consider the sufficiency of the count if the case in any manner depended upon it. But it does not. The cause of action relied upon is fully covered by the general count for money had and received, and hence the question made upon the special count is merely speculative. If found bad the result would not be changed. The point is therefore without importance and requires no further notice.

*Second.* When the company paid the insurance money to plaintiffs in error the latter gave the customary receipt and voucher, and this instrument had not been returned or offered to them previous to the suit. It was however produced in evidence at the trial. The plaintiffs in error claimed that the previous return or tender of this document was necessary to entitle the company to sue, and

the omission of such return or tender is made a ground of error. The objection is without force.

The voucher was not a thing of intrinsic value which the plaintiffs in error had exchanged for the insurance money and might reasonably ask to have restored before being called on to pay back what had been received. It was given by the plaintiffs in error and received by the company, not as property or barter but exclusively as matter of evidence of the fact of payment, and the retention of it by the company to stand and serve as evidence in its hands was in exact accordance with the purpose for which it was made and given to the company.

*Third.* The charge is complained of. But the objections in argument are very general and seem to be based pretty much entirely on the assumption that certain propositions were not sufficiently elaborated or perhaps attenuated in view of the peculiar incidents and surroundings of the trial. No such impression is made upon the court. The policy contained a condition that all fraud or attempted fraud by false swearing or otherwise should cause a forfeiture of all claim under the policy, and the company maintained, *first,* that plaintiffs in error, or one of them, either set or procured somebody else to set the fire; and *second,* that after the burning they knowingly and fraudulently made and furnished to the company, as a showing of the loss to be paid, a false and fraudulent inventory of the property destroyed, and the evidence was directed to these charges. If either was made out to the satisfaction of the jury the right to recover under the general count cannot be questioned. The point is too clear for discussion.

The evidence was extensive and circumstantial, and in view of its character and bearings the jury were much more likely to find the second than the first charge proved, and there is nothing in the nature of the charges or in the character of the case to preclude the jury from resting their verdict upon the last, without

reaching any satisfactory conclusion in regard to the first.

The judge carefully instructed them in regard to their duties, and explicitly cautioned them against improper influences. No specific objection is urged against the charge, and we discover no valid ground for any.

*Fourth.* Several special questions were submitted to the jury for their answer. They were all framed to obtain findings in relation to the first charge. They were confined to inquiries as to whether plaintiffs in error, or either of them, or either of their sons set the fire, or whether Johnson himself employed anybody to do it, and the jury replied to each that they did not know.

It is now urged for plaintiffs in error that the failure to find affirmatively or negatively on these questions is fatal to the verdict. The court think differently. The theory that the plaintiffs in error either set the fire or caused it to be set may be discarded altogether without affecting the regularity of the result announced by the jury, because the failure to find one way or the other on the special questions could certainly have no greater effect than would be due to explicit negative replies; and if such answers had been found and reported they would reach no further than to negative the theory as to the fraudulent burning without in the least conflicting with the correctness of the other ground.

If then the entire report made by the jury is considered and the utmost effect is given to the replies to the special questions, the result is that the jury found for the company on the second ground, that is the commission of fraud after the fire, and not upon the other, and no incongruity is caused.

This disposes of all matters urged on behalf of plaintiffs in error, and leads to an affirmance of the judgment with costs.

The other Justices concurred.