ERNEST E. HOYT & a. v. NEW HAMPSHIRE FIRE INSURANCE COMPANY.

SAME v. SPRINGFIELD FIRE & MARINE INSURANCE COMPANY.

SAME v. BOSTON INSURANCE COMPANY.

SAME v. AMERICAN EAGLE FIRE INSURANCE COMPANY.

SAME v. NIAGARA FIRE INSURANCE COMPANY.

SAME v. FRANKLIN FIRE INSURANCE COMPANY.

*William H. Watson* (by brief and orally), for the plaintiffs.

*Thorp & Branch* (*Mr. Branch* orally), for the defendants.

MARBLE, J. While it is essential to the existence of a fire insurance policy that the party insured should have some interest in the subject-matter of the insurance (*Prince* v. *Insurance Co.*, 86 N. H. 160, and cases cited), it is not necessary that the extent of the insured's interest be set forth in the policy (*Clark* v. *Insurance Co.*, 87 N. H. 353). Thus, "One who holds an undivided interest need not specifically describe his share . . . but may effect insurance thereon in general terms. If it appears that the description was intended to cover and apply exclusively to the individual interest of the assured, he will recover for such interest as he has." 3 Joyce, Insurance (2d *ed.*), s. 1691, and cases cited.

The defendants concede that each of the plaintiffs might have insured his interest in the common property separately, and that if that had been done, those plaintiffs who had no "guilty knowledge of the fire" would be entitled to recover. They contend, however, that there can be no recovery in the present actions since the plaintiffs have not so insured their individual interests but are jointly named in each of the policies in suit, and that since this is so, the violation of a condition of the policies by one of the three plaintiffs binds the other two.

The mere fact that the language employed may be sufficient to "express a joint covenant" is not conclusive. 1 Williston, Con., s. 325. See also *Wills* v. *Cutler*, 61 N. H. 405, 410. Whether the rights of obligees are joint or several is a question of construction (1 Williston, Con., s. 325), and in construing an insurance contract the test is not what the insurance company intended the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean. *Watson* v. *Insurance Co.*, 83 N. H. 200, 202; *Cartier* v. *Casualty Co.*, 84 N. H. 526, 527; *Studley Box &c. Co.* v. *Insurance Co.*, 85 N. H. 96, 101; *Duhaime* v. *Insurance Co.*, 86 N. H. 307, 308; *Trepanier* v. *Insurance Co.*, 88 N. H. 118, 122; *Penn &c. Ins. Co.* v. *Kelley*, 88 N. H. 351, 354; *Merchants &c. Co.* v. *Lambert*, 90 N. H. 507, 510.

The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualification as one of the persons insured. And the fact that under such circumstances the insurance company may have had good reasons for preferring to issue a joint policy (see *Monaghan* v. *Insurance Co.*, 53 Mich. 238, 252; *Kosior* v. *Insurance Co.*, 299 Mass. 601, 604) is unimportant unless those reasons were disclosed. There is a presumption in this jurisdiction against an intention to create joint interests (*Dover &c. Bank* v. *Tobin*, 86 N. H. 209, 210), and if the defendants intended the policies in question to be joint, that intention should have been clearly expressed.

The case of *Moreau* v. *Insurance Co.*, 84 N. H. 422, on which the defendants rely, does not conflict with the conclusion here reached. In that case it is held that the breach of a condition avoiding the policy if the insured undertakes to practice fraud renders void the entire policy. In the course of the opinion (*p.* 427) it is said: "It is true that the language used is that of the insurer. Yet the insured on reading it would naturally understand that fraud vitiated the entire policy and not alone the part of it to which the fraud directly related." This decision merely conforms to the general rule by which the divisibility or entirety of a contract is determined; namely, the rule of construction. *Lemire* v. *Haley*, 91 N. H. 357. The case is not inconsistent with the view that a contract may be divisible in some respects and indivisible in others.

The case of *Bellman* v. *Insurance Co.*, 178 Wis. 349, in which the insured was a partnership is readily distinguishable. "A partnership is a joint affair." *Caswell* v. *Maplewood Garage*, 84 N. H. 241, 252.

No objection has been made to the form of action. But if it be suggested that since the rights of the plaintiffs are several, "separate actions only will lie" (see *Wills* v. *Cutler*, 61 N. H. 405, 410; 39 Am. Jur. 894, 895), each of the present actions may, for all practical purposes, be treated as three separate actions for the recovery of each plaintiff's individual share. See P. L., *c.* 334, *ss.* 8, 9, 13. Plaintiffs' counsel stated in oral argument that Ernest L. Hoyt was joined merely as a formal plaintiff and conceded that his act of incendiarism precluded recovery of his share of the insurance. The Superior Court is advised that, so far as the defence of incendiarism is concerned, the duty of adducing some evidence that the

other plaintiffs were implicated in the fire devolves upon the defendants. *Lamb* v. *Insurance Co.*, 88 N. H. 306, 307. In the absence of such evidence, these plaintiffs are not required to go forward with proof of their innocence, and verdicts should be directed in their favor on that issue.

*Case discharged.*

BRANCH, J., did not sit: the others concurred.