Merrimack, Nov. 6, 1946. } No. 3589.

MERCHANTS MUTUAL CASUALTY COMPANY *v.* NED MELCHER *& a.*

*Murchie & Murchie (Mr. Alexander Murchie* orally), for the plaintiff.

*Robert W. Upton* and *Richard F. Upton (Mr. Richard F. Upton* orally), for the defendant Melcher.

JOHNSTON, J. One of the questions transferred by the Court is whether Mr. Melcher at the time of the accident was an employee of the city of Franklin. If he was not, he does not come within the provisions of the policy excluding coverage to persons of the class of employees and the plaintiff is obligated to pay any judgment recovered by him in the suit against the regular employee McDonald. The material parts of the policy that contain the word to be construed are two. First, there is an express exclusion of liability to any employee of the insured as follows: "EXCLUSIONS . . . (e) under Coverage A, to bodily injury to or death of any employee of the insured while engaged in the business, other than domestic employment, of the insured, or while engaged in the operation, maintenance or repair of the automobile; or to any obligation for which the insured may be

held liable under any workmen's compensation law; . . . " Then in the statement of the coverage of the policy under "Definitions of 'Insured,'" there is the following: "The provisions of this paragraph do not apply: . . . (d) to any employee of an insured with respect to any action brought against said employee because of bodily injury to or death of another employee of the same insured injured in the course of such employment in an accident arising out of the maintenance or use of the automobile in the business of such insured." Concerning the purpose of this last quoted provision, it has been said: "Thus, regardless of whether the suit is brought against the named insured or the additional insured, the same result should logically follow, and the insurer will be relieved of liability." 7 Appleman, Insurance Law and Practice 240. The meaning of the term "employee" in the question of the Court is limited to the sense in which it was used in the above quoted provisions of the policy. If Melcher was not excluded from coverage under the policy, then the plaintiff must defend and pay any judgment awarded him against McDonald.

If one considers the number of cases that have been decided either way with respect to whether a recipient of welfare relief who performs work is an employee or not, one cannot doubt that the word employee is ambiguous. 14 Words and Phrases, Employee, Relief work, 499. Cases discussing whether or not one on relief who works is an employee under workmen's compensation acts and deciding either way are found in 127 A. L. R. 1483. Similarly in 30 C. J. S. 227-231 under the title "Employee," instances of relief workers are given who have been held to be employees and of others who have not been so classified.

The test to be applied in the interpretation of the insurance policy has been definitely stated in *Hoyt* v. *Insurance Co.*, 92 N. H. 242, 243. "In construing an insurance contract the test is not what the insurance company intended the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean." Numerous cases are cited in support. The city of Franklin in fact did not classify those on relief together with the regular employees. The highway commissioner testified: "There were two classes of men, the unemployed or O. P.'s and the employees of the city of Franklin; one received pay and the other received no money, so that was kept separate from the regular employees . . . in a separate book." Evidence of a former overseer of the poor also brought out the difference between the two groups so far as the city

was concerned. "Q. What were they [relief recipients] sent to work for, why were they sent down to work? A. Principally to keep them off the street. Q. What account was made of the money they earned working for the city? A. I don't know as there was any account kept of any money they earned for the city. Q. You didn't keep any account then as overseer of the poor? A. No."

There are distinctions between a recipient of relief who as a consequence works for his county or city and a workman that may be termed a regular employee. The work rendered by those who were charges on the municipality or the county was performed primarily to remove the possible stigma of their positions and to gain the good-will of the overseers of the poor, while that of the regular employees was done because of its utility and desirability. In the governmental arrangement with the former, work was incidental to aid received; in that with the latter, pay was dependent upon the work. Relief was generally given in advance of the work and not in money; the usual employees were paid in money after the work was done. The time of those on relief was measured to the amount of aid given; regular employees worked during customary business hours.

It is a reasonable conclusion that the defendant Melcher was not an employee of the city of Franklin within the meaning of the exclusionary clauses of the policy under consideration. Accordingly he is entitled to its benefits.

*Judgment for the defendants.*

All concurred.