IJAMES v. REPUBLIC INSURANCE COMPANY

1. INSURANCE — FIRE INSURANCE — DWELLING HOUSE — CONTENTS — VALUATION — ALTERNATE METHODS.

Parties to a fire insurance contract are free to agree upon different methods of loss valuation for different coverages under the policy when neither the policy nor statute prohibits it, so that where the appraisal method of loss adjustment has been agreed to for the contents, the insurer is not barred from exercising its option to repair or replace the building insured in the same policy (MCLA § 500.2832, lines 141–147).

2. INSURANCE—FIRE INSURANCE—SWEARING—BAR TO RECOVERY.

The intentional making of a false statement by one insured party under oath to an insurer relative to a claimed loss of contents covered by a fire insurance policy is a complete bar to recovery upon the contents provision of the policy as to all insured parties (MCLA § 500.2832, lines 1–6).

3. INSURANCE—FIRE INSURANCE—FALSE SWEARING—RELIANCE.

Reliance by an insurer on misrepresentations or false statements made by one of the insured parties in making a claim on a fire insurance policy is not necessary to bar recovery by all insured parties.

Appeal from Wayne, John D. O'Hair, J. Submitted Division 1 March 4, 1971, at Detroit. (Docket No. 9265.) Decided May 19, 1971. Leave to appeal denied August 4, 1971. 385 Mich 775.

REFERENCES FOR POINTS IN HEADNOTES

[1] 44 Am Jur 2d, Insurance §§ 1347–1368.
[2] 44 Am Jur 2d, Insurance §§ 773–1051.
[3] 44 Am Jur 2d, Insurance § 741.

Complaint by Gerald Ijames and Anniece Ijames against the Republic Insurance Company on a fire insurance policy. Verdict and judgment for plaintiffs. Defendants appeal. Reversed.

*Jesse R. Bacalis & Associates, P. C.,* for plaintiffs.

*Plunkett, Cooney, Rutt & Peacock* (by *D. J. Watters*), for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. This is an action upon a fire insurance policy by the insured property owners against the insuring company. To this extent, it is an action on a contract. Since certain provisions in the policy are mandated by statute and appear both in the policy and the statute, it is a case of statutory construction.

The case was tried to a jury and submitted on special questions. Certain of the jury's findings were not appealed and form no part of the issues before us.

The precise issues are:

1) May an insurer elect alternate methods of adjusting a fire loss as to damages to the dwelling house proper and the damaged contents thereof?

2) Does the *attempted* fraud of one of two named insureds under a Michigan statutory fire insurance policy bar recovery for the whole amount of the contents loss?

3) Must it be shown that the claimed misrepresentation or false statements were relied upon by

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the insurer to its prejudice or damage to bar recovery on the policy?

The statute and policy provision covering the first issue is as follows:

"It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."[1]

Within 30 days of the filing of the proof of loss the defendant insurer wrote to their insureds as follows:

"We enclose the completed Agreement for Submission to Appraisers and nominate Mike Nolan * * * as our appraiser *for contents."* (Emphasis supplied.)

\* \* \*

"With respect to your claim for *building damage,* * * * Company hereby advises you that it has exercised its option to *repair* the damage to the building." (Emphasis supplied.)

The nominated appraisers, unable to agree, selected an "umpire". The agreement for submission to appraisal calls for the fixing of the amount of loss by the vote of any two. The contents loss was fixed by two of the three at $11,006.87. The policy limits for contents loss was $6,400. The jury brought in a verdict made up of specific items submitted on special questions which totaled $9,625 on the contents.[2]

---

[1] MCLA § 500.2832, lines 141–147 (Stat Ann 1957 Rev § 24.12832, lines 141–147).

[2] That part of the jury verdict fixing the amount of damage to the dwelling house which the company elected to repair is unappealed.

It is the position of the appellant company that it owes appellees nothing because the jury found in specific and unequivocal answer to one special question that Mrs. Ijames, a joint named insured, intentionally and willfully made a false statement under oath to the defendant company relative to an item of the claimed loss of contents.

The policy and the statute in identical words each provides:

"This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto." (MCLA § 500.2832, lines 1–6, [Stat Ann 1957 Rev § 24.12832, lines 1–6].)

The amounts paid by the insurance company were for damage under the dwelling house coverage and the repairs made thereto, and under the additional living expense provision. The company claims that the option clause here quoted is divisible as between the various coverages in the policy, and that the answer to stated question one is that the insurer may elect alternate methods.

Additionally, the company contends that even if the statute-policy does not specifically permit election of alternate methods of adjustment it does not specifically prohibit it, and that the insureds having signed the agreement to submit the contents loss to appraisal cannot be heard to complain of an election in which they willingly joined.[3] Further, the company contends that even though the election to sub-

---

[3] There is a third ground asserted by the defendant company involving the denial of a pretrial motion to file a third amended complaint which it claims adjudicates the issue of the alternate method. We do not pass upon it because we do not deem it decisionally relevant.

mit to appraisal were binding upon them, the appraisers could, in no case, make an award against the company beyond its contents policy limits of $6,400.

Plaintiffs reply that the statute and policy are indivisible as to the election of options; that the company cannot have its appraisal cake and eat it, too; that since it elected to submit the contents loss to appraisal, the policy limits do not apply, and that plaintiffs are entitled to the full appraisal figure for the contents loss.

Thus, the question seems to be whether the company owes the insureds $6,400, $11,006.87 or nothing at all.

We consider first the question of whether the insurer can split the adjustment process and submit the contents loss to arbitration, and elect to "repair * * * or replace" the dwelling house itself.

We think plaintiffs' reliance on the term "divisible" as used in *Monaghan* v. *Agricultural Fire Insurance Company* (1884), 53 Mich 238, is misplaced. In their brief plaintiffs quote from *Monaghan, supra,* as follows:

"This was erroneous; and the error consists in holding that the contract was divisible, * * * ." (p 253.)

Indivisible it was, and so held, but *indivisible as between the rights of the various named insureds* to recover. Admittedly, the three children who were named insureds with their mother, Mrs. Monaghan, were in nowise involved in her misrepresentation, and they were denied any *pro tanto* recovery. *Monaghan* clearly stands for the proposition that if recovery is barred as to one of the named insureds, it is barred to them all.

"And if the right of action has become barred as to one of the joint contractors [named insureds], it has to all of them." (p 252.)

*Monaghan* is inapposite. We hold that where, as here, an election of one method of adjustment has been agreed to by the parties for "contents only" the company is not barred from exercising its option "to repair or   *   *   *   replace" the building insured in the same policy.

The statute, or the contract [*viz.*, the policy], does not prohibit it; hence, the parties must be considered free to agree upon the differing methods as to the different coverages. If plaintiffs were to have raised a statutory-contract ground for refusing to accept the different methods as to the different coverages, the time to have raised the issue was before they signed the "Agreement for Submission to Appraisers   *   *   *   for contents".

Obviously we do not here pass upon the "what if" question had the company sought to avoid *all* liability under the policy, after having treated it as divisible for methods of adjustment of the "contents only" loss. We merely suggest that it would seem what is sauce for the insuring goose is sauce for the insured gander.

Stated question 2 is clearly answered by prior Supreme Court case law which neither we, nor the trial court, are empowered to change whether it was made in 1884 or 1964. *Monaghan*, earlier quoted here, is beyond our judicial reach. It voided the contents coverage both as to her and to her jointly named insured husband. The same case answers stated question 3.

"Why, if she attempted a fraud upon the company by setting or causing the building insured to be set on fire, could the plaintiffs not recover, and yet could recover if she attempted to defraud the company by violating the stipulations of the contract which provides that 'any neglect to comply with these provisions, or any misrepresentation or con-

cealment or fraud or false swearing in any statement or affidavit in relation to loss or damage, shall forfeit all claim upon the company, by virtue of this policy, and shall be a full bar to all remedies upon the same?' We can see no reason for the distinction. The attempt to defraud the company by any one of the insured, by the making of false affidavits in relation to loss, is a complete bar to a recovery upon the policy. *Johnson* v. *Continental Insurance Company* [1878], 39 Mich 35; *Moore* v. *Virginia F & M Ins. Co.,* 28 Gratt [Va] 508."

The rule of law may be harsh and inequitable. It may be in need of re-examination. If this be so, only the Supreme Court may make the re-examination which would result in a change in the precedent which binds our bench as well as the trial bench of the state.

Of necessity, we are constrained to vacate the judgment entered upon the jury verdict. We remand the cause to the trial court for entry of a judgment of no cause of action.

In view of our disposition of the case upon the issue of the willfully made false statement, as found by the jury, we do not reach the question raised by plaintiffs' cross-appeal, namely, the validity of the award of the arbitrators in excess of the policy limits upon the contents of the insured premises.

Costs to the defendant.

All concurred.