## SIMON v SECURITY INSURANCE COMPANY

1. EVIDENCE—INFERENCES—JURY.

Drawing inferences from the evidence is a basic jury duty.

2. INSURANCE—HUSBAND AND WIFE—COINSUREDS.

Assuming that a wife was not a party to the taking of money, jewelry and furs from her residence, the fact that such taking was done by her husband, a coinsured, should not automatically foreclose her opportunity to recover from insurance companies for the loss suffered where the wife claims the missing property as her own, the crime remains unsolved, at the time of the loss the wife was separated from her husband, had filed for divorce and obtained an order barring the husband from entering the residence and the articles taken were covered by insurance policies issued to the wife and husband as coinsureds.

3. INSURANCE—HUSBAND AND WIFE—COINSUREDS—DIVISIBLE PROPERTY.

A unilateral act of misconduct, if any, on the part of a husband should not automatically foreclose his wife from recovery under an insurance policy issued to them as coinsureds, if she is able to show that her interest in the insured property is divisible from that of her husband.

4. HUSBAND AND WIFE—ACTION—STATUTES—MARRIED WOMAN—COMMON LAW.

Statute which provides that "[a]ctions may be brought by and against a married woman as if she were unmarried" was

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Jury § 3.

53 Am Jur, Trial § 186.

[2, 3] 43 Am Jur 2d, Insurance §§ 315, 762.

44 Am Jur 2d, Insurance § 1642.

Who is member of insured's "family" or "household" within coverage of property insurance policy. 1 ALR2d 561.

[4, 6] 41 Am Jur 2d, Husband and Wife §§ 534–538.

[5, 6] 41 Am Jur 2d, Husband and Wife §§ 129, 521.

Conflict of laws as to right of action between husband and wife or parent and child. 96 ALR2d 973.

designed to remove the common-law prohibition on the wife's suing or being sued independent of her husband; if a woman can bring a suit "as if she were unmarried", then there is no basis in law or logic for saying that the actions of the husband are those of the wife (MCLA 600.2001).

5. HUSBAND AND WIFE—PUBLIC POLICY—FRAUD—LARCENY—BUR-
GLARY.

Considerations of public policy and the possibility of fraud are not sufficient to support the rule that in a marriage one spouse cannot, in the legal sense, steal from or burglarize the other.

6. INSURANCE—TRIAL—INSTRUCTIONS—HUSBAND AND WIFE—COIN-
SUREDS—LARCENY—BURGLARY.

Jury was not afforded an appropriate instruction because the theory presented by the court was, under the facts, not a proper one where a wife claimed property missing from her residence as her own, the crime remained unsolved, at the time of the loss the wife was separated from her husband, had filed for divorce and obtained an order barring the husband from entering the residence, the articles taken were covered by insurance policies issued to the wife and husband as coinsureds, and in a suit by the wife to recover from insurance companies for the loss suffered defendants introduced evidence implying that one or both of the coinsureds had a role in the disappearance of the valuables the court charged that in marriage one spouse cannot, in the legal sense, steal from or burglarize the other, that if then no theft occurred, there could not be an insured loss and that if the jury found that the property was taken by the wife or her husband she could not recover in the action.

Appeal from Court of Appeals, Division 1, V. J. Brennan, P. J., McGregor and Bronson, JJ., affirming Oakland, Farrell E. Roberts, J. Submitted June 6, 1973. (No. 5 June Term 1973, Docket No. 54,-215.) Decided September 18, 1973.

Complaint by Jean Simon against Security Insurance Company, Globe Indemnity Company, Underwriters at Lloyd's, London, to recover a loss under insurance policies and Hyman Simon for refusal to join the action as a plaintiff. Richard Keeler Avenell, representative underwriter, substi-

tuted for Lloyd's, London. Hyman Simon dismissed as a party defendant. Judgment for defendants. Plaintiff appealed to the Court of Appeals. Affirmed. Plaintiff appeals. Reversed and remanded for new trial.

*Garan, Lucow, Miller, Lehman, Seward & Cooper, P. C.* (by *Millard Becker, Jr.),* for plaintiff.

*Denenberg, Tuffley & Thorpe,* for defendants.

M. S. Coleman, J. On May 14, 1968 the residence of Jean Simon was entered. A safe in the basement was opened and looted of cash and women's jewelry. Some fur coats were removed from a basement closet. Mrs. Simon claims the missing property as her own. The crime remains unsolved.

At the time of the entry plaintiff was separated from her husband, Hyman. Mrs. Simon had filed for divorce and had obtained an order barring Mr. Simon from entering the residence. The divorce did not become final until the spring of 1969.

The articles taken were covered by insurance policies issued to plaintiff and her husband as coinsureds. Plaintiff attempted to file proof of loss as required by the policies. The companies refused to accept such proof because Mr. Simon's signature had not been obtained. When it was obtained, the insurance companies refused to honor the claim saying it was not timely filed. Plaintiff brought this suit to recover from the insurance companies the loss suffered by the taking of the valuables.

The case was tried before a jury. In addition to the defense above, the insurance companies introduced much circumstantial evidence implying that one or both of the coinsureds had a role in the disappearance of the valuables. In the charge to the jury the Court said:

"It is the Defendants' burden to prove by the preponderance of the evidence that the proofs of loss which were submitted by Mrs. Simon on or about August 12th were not timely submitted to them. If you find that the said property was taken either by the Plaintiff, Jean Simon, or by her husband, Hyman Simon, then the Plaintiff cannot recover in this action and you must return a verdict of no cause of action."

Plaintiff's counsel objected to the inclusion of Mr. Simon "because in fact, he was not in the home at this time, this was not his property, and if, in fact, the jury would find that he was 'the culprit', that notwithstanding, the plaintiff would still be entitled to recover."

On January 27, 1971 judgment was entered on the jury's verdict in favor of the defendants (we do not know on which of the bases contained in the jury instruction the verdict was reached). In an opinion denying plaintiff's motion for a new trial, the judge wrote:

"It will be noted that the Court, in its instruction, used the word 'taken', *for in marriage one spouse cannot, in the legal sense, steal from or burglarize the other.* If then no theft occurred, there could not be an insured loss." (Emphasis added.)

"Moreover, as a matter of public policy, to allow one spouse to recover if it is found that the taking has been accomplished by the other would open the gates to fraudulent activities by parties proceeding toward divorce. This does not imply fraud in any way on the part of the Plaintiff in the present case."

The court did say that if objection had been raised concerning the inclusion of plaintiff in the instruction, her name would have been deleted.

The Court of Appeals affirmed the verdict on June 5, 1972. The memorandum opinion reads in whole:

"Plaintiff appeals a jury verdict for the defendants and the denial of a motion for a new trial.

"This case is controlled by *Monaghan v The Agricultural Fire Insurance Co of Watertown, New York,* 53 Mich 238 [18 NW 797] (1884). Also see *Ijames v Republic Insurance Co,* 33 Mich App 541, 545 [190 NW2d 366] (1971).

"Affirmed."

This Court granted leave to appeal on September 7, 1972.

It must be remembered that drawing inferences from the evidence is a basic jury duty. We concentrate on the theory with which the jury was permitted to analyze the evidence.

The principal question is: Assuming that plaintiff was not a party to the taking, should the fact that such taking was done by a coinsured automatically foreclose her opportunity to recover for the loss suffered? Under the facts of this case, our answer is no.

We do not propose to overrule *Monaghan.* We only find that the conclusive presumption allegedly supported by that case is inapplicable to the instant facts.

In *Monaghan,* plaintiffs were minor children suing to recover under a fire insurance policy taken out by their mother naming both herself and them as insureds. After the house was destroyed by fire, the facts indicate Mrs. Monaghan "falsely swore that certain articles of personal property belonging to her were entirely destroyed by fire". (p 242.) She subsequently assigned all her rights under the policy to the children.

The Court saw "good reasons in this case for holding the contract for insurance to be joint and not several." This was based on the fact "Mrs.

Monaghan was the only adult party among the insured". The Court continued at 252–253:

"We are clearly of the opinion that no action could be brought by any of the insured, less than the whole, to recover a loss under this policy, unless in a case where the interests of one had been assigned to the other joint contractors. And if the right of action has become barred as to one of the joint contractors, it has to all of them. It follows that the plaintiffs, by obtaining an assignment of Mrs. Monaghan's claim and interest in the policy, can stand in no better position than they would be in had the action been brought in the names of all the joint contractors; and whatever would be a defense were she one of the plaintiffs, is equally available when suit is brought by her assignees. Any attempt on her part to defraud the company by not complying with the conditions of the policy, or any false swearing or concealment or fraud in reference to the proofs of loss, would defeat a recovery."

It was said, an "attempt to defraud the company by any one of the insured by the making of false affidavits in relation to the loss, is a complete bar to a recovery upon the policy." (p 254.)

Although it would seem that this rule in *Monaghan* has extensive applicability to insurance cases, it would be 87 years before it again was similarly applied.[1]

---

[1] In *Hallett v Gordon,* 122 Mich 567; 87 NW 556 (1900), *Monaghan* was cited in support of the proposition that a plaintiff suing for breach of warranty must join her husband as coplaintiff if they together made the contract.

The plaintiff in *Blackburn v Blackburn,* 132 Mich 525; 94 NW 24 (1903) brought two actions for money had and received—one for herself and one as administratrix of her husband's estate. The Court said the contract to pay "was joint on the part of plaintiff and her husband, and not several, and the demand was single, and should not have been split." (p 527.) *Monaghan* was cited as authority for saying the plaintiff's action failed.

In *Ruterbusch v Supreme Court of the Independent Order of Foresters,* 162 Mich 213; 127 NW 288 (1910), the decedent had procured a policy naming her husband and five minor children as

It was not until *Ijames,* in 1971, that *Monaghan* received specific reaffirmation (in the Court of Appeals) as to the topic at issue. The case was said to require an answer of yes to the first question below and no to the second:

"Does the attempted fraud of one of two named insureds under a Michigan statutory fire insurance policy bar recovery for the whole amount of the contents lost?

"Must it be shown that the claimed misrepresentation or false statements were relied upon by the insurer to its prejudice or damage to bar recovery on the policy." (pp 542–543.)

Recognizing that the rule "may be harsh and inequitable" (p 547), the Court of Appeals said that it was up to the Supreme Court to make the necessary reexamination of the precedent. Leave to appeal was denied by this Court at 385 Mich 775 (1971).

In 5A Appleman, Insurance Law and Practice, § 3594, the authors say, "[t]here can be no recovery * * * on a policy issued to several jointly where one of them, in violation of its conditions made a false affidavit as to loss." The two cases cited in support are *Monaghan* and *Ijames.* In a

beneficiaries. The husband brought suit to recover for himself and as next friend of the children. Defendant claimed there was a misjoinder of plaintiffs and in denying this claim the court cited *Monaghan* in support of the proposition that the interests were joint despite the policy's listing of specific shares.

A case which comes closest to reiterating the rule of *Monaghan* is *Alma State Savings Bank v Springfield Fire & Marine Ins Co,* 268 Mich 631; 256 NW 573 (1934). The person to whom the policy had been issued had assigned his rights under it to plaintiff as security. After the loss occurred, the individual misrepresented the cost of some machinery. However, prior to trial the parties made an adjustment in this figure. The Court said *Monaghan* validated a clause which voided the policy as to all parties if the insured swore falsely. However, the adjustment had eliminated this issue.

footnote the authors say "the better reasoned cases" reach a contrary result.

One case cited as being better reasoned was *Mercantile Trust Co v New York Underwriters Insurance Co,* 376 F2d 502 (CA 7, 1967). The homeowner had purchased insurance on the house and its contents. A plaintiff trust company was listed as an additional insured. Its interest extended only to the home. On March 20, 1963 the house was destroyed by fire. Plaintiff presented its claim for the loss of the residence and the homeowner sought to recover for the contents of the house. In the course of presenting his claim, the homeowner made fraudulent statements. The insurance company relied on a clause similar to that validated in *Alma State Savings Bank* (see footnote 1) in saying plaintiff was improperly awarded a recovery under the policy.

The Circuit Court of Appeals saw the question as "whether the fraud of an insured would bar recovery by an innocent coinsured" (p 505). The Court, applying Illinois law in this diversity case, held plaintiff's interest in the house to be divisible from the homeowner's interest in the contents. Plaintiff had no control over the property nor was it aware of the homeowner's misconduct. The Court noted that defendant relied upon *Monaghan* but said the case was disapproved by *Appleman* and was contrary to Illinois precedent.

At p 506 the Court quoted the following passage from *Hoyt v New Hampshire Fire Insurance Co,* 92 NH 242; 29 A2d 121; 148 ALR 484 (1942):

"The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which

named him without qualification as one of the persons insured."

Although *Hoyt* was concerned with the claims of tenants in common for damages caused by a fellow tenant, the above language certainly is applicable to the instant case.

In 24 ALR3d 450 the notewriter has collected cases on the topic of whether "misconduct on the part of an insured which bars his recovery on a property insurance policy also bars recovery on the policy by an innocent coinsured." The innocent person may not recover "where the interests of the coinsureds are considered joint and nonseparable." (p 451.) When "the interest of coinsureds were divisible or separable" the innocent party was permitted to recover (p 453).

In the case before this Court, the jury was instructed that if it found "that the said property was taken either by the Plaintiff * * * or by her husband" the verdict had to be for defendant. Although such instructions may have been correct under the precedent of the 1884 case of *Monaghan,* we find them to be harsh, impractical and outdated, especially in light of the current trend towards the separate status of married women for certain legal purposes. If plaintiff wife is able to show that her interest in the property is divisible from that of her husband, then his unilateral act of misconduct (if any) should not automatically foreclose plaintiff from recovery under the policy.

Pertinent to this position is MCLA 600.2001; MSA 27A.2001 which provides that "[a]ctions may be brought by and against a married woman as if she were unmarried."[2] This section was designed

---

[2] Also see Const 1963, art 10, § 1:

"The disabilities of coverture as to property are abolished. The real and personal estate of every woman acquired before marriage and all

to remove the common-law prohibition on the wife's suing or being sued independent of her husband. Its literal language plus recent case law indicate that the statute has relevance to the present case. If a woman can bring suit "as if she were unmarried", then there is no basis in law or logic for saying that the actions of the husband are those of the wife.

In *Hosko v Hosko*, 385 Mich 39; 187 NW2d 236 (1971), the statute is discussed. The wife had been injured while a passenger in a car driven by her husband. Her injuries rendered her mentally incompetent. Her guardian brought suit. The Court concluded that the statute

"has abrogated the doctrine of interspousal immunity insofar as women are concerned and that the action in this case is maintainable by plaintiff. Conversely, in a suit brought by a husband against a wife, the action would also be maintainable in accordance with the clear language of the statute." (pp 44–45.)

Also see *Plumley v Klein*, 388 Mich 1; 199 NW2d 169 (1972) where intrafamilial immunity was abolished. Such action was said to mean that "an injured family member will merely be able to recover from an insurance company for injuries against which the company has been paid to insure." (pp 7–8.)

In the instant *Simon* case it was said by the trial judge that "in a marriage one spouse cannot in the legal sense, steal from or burglarize the other." Public policy and the possibility of fraud were cited as supportive reasons for that conclu-

real and personal property to which she may afterwards become entitled shall be and remain the estate and property of such woman, and shall not be liable for the debts, obligations or engagements of her husband, and may be dealt with and disposed of by her as if she were unmarried. Dower may be relinquished or conveyed as provided by law."

sion. We do not deem those considerations suffi-cient to support the rule invoked in this case.

Although the decision in *Mosier v Carney,* 376 Mich 532; 138 NW2d 343 (1965) is to a narrow point, some of the reasoning therefor is relevant to the instant case. In *Mosier* the Court reviewed the doctrine of interspousal immunity denying "the right of one spouse to sue the other for recovery of damages for injuries resulting from an inter-spousal negligent tort." (p 542.) In a review of the cases, the following factors supporting the doctrine were discussed:

(1) *Fear of frivolous suits.* To this the Court said that it "hardly seems to be a realistic" concern because "the fact finder would be quite justified in taking into account the fact that the alleged negli-gent conduct occurred during marriage" (p 545).

(2) *Fear of collusion.* The Court was "not per-suaded that the possibility of such collusion justi-fied the judicial concern expressed for it." (p 548.) Any action may be a product of collusion but "cross-examination and the perceptivity of our triers of fact makes its success unlikely." (p 549.)

(3) *"A married woman has no legal existence during coverture."* (p 550.) Analyzing this doctrine the Court held that it ignores legal reality and said, quoting Pollock and Maitland:

" 'We do not treat the wife as a thing or as somewhat that is neither thing nor person; we treat her as a person.' " (p 555.)

The *Mosier* majority found these factors to be either without merit or inapplicable to the facts of the cases before them.

Under the facts of the *Simon* case, any view which automatically ascribes the actions of the

husband to the wife does not comport with the realities or with the statutes.

Certainly the day is long gone when women were lumped together with children and "other incompetents" as requiring rigid protection from such rigors as separate ownership of property. Plaintiff in the *Simon* case was separated from her husband and had filed for divorce. She had obtained an order barring him from entering the residence. She had not and has not been charged with the alleged burglary or with participating in it. The articles lost were of such a nature that plaintiff could arguably demonstrate that her interest in them was divisible from that of her husband.

We conclude that plaintiff should be afforded an opportunity to show that a loss occurred and that she had the sole or major and separable interest in the articles lost. The insurance company may still show that the loss was not one compensable under the contract or that plaintiff was a participant in the taking.

We repeat that this Court should not substitute its opinion of the evidence for that of the jury. We have looked only to determine if the jury was properly instructed as to the law with which to analyze the evidence. It is our opinion that the jury was not afforded an appropriate instruction. The theory presented by the court was, under these facts, not a proper one.

The Court of Appeals is reversed and the case is remanded for a new trial.

T. M. KAVANAGH, C. J., and T. E. BRENNAN, T. G. KAVANAGH, SWAINSON, WILLIAMS, and LEVIN, JJ., concurred with M. S. COLEMAN, J.