This is an action to recover on an insurance policy covering property located at 903 South St. Andrews Street, Dothan, Alabama. Felston Hosey, Sr. obtained the policy from the Seibels Bruce Group, particularly the South Carolina Insurance Company. By its terms, the policy was to remain in effect for ten months beginning October 4, 1974. It provided fire insurance in the amount of $24,000 for the dwelling, $2,400 in coverage for appurtenant structures, $12,000 in coverage for unscheduled personal *Page 752 
property and $4,800 in coverage for additional living expenses.
The policy contained two provisions and a definition which are the focus of this controversy. These provisions state that:
 1) "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto."
 2) ". . . Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring "(a) while the hazard is increased by any means within the control or knowledge of the insured . . ."
Both of these provisions address statements by or conduct of the "Insured." This term is defined as follows:
"8. DEFINITIONS . . .
"a. `Insured' means
 "(1) the Named Insured stated in the Declarations of this policy;
 "(2) if residents of the Named Insured's household, his spouse, the relatives of either, and any other person under the age of twenty-one in the care of any insured . . ."
On the night of May 26, 1975, a substantial portion of the insured property was damaged by fire. Shortly thereafter, Mr. Hosey and his wife, Myrtle, prepared an itemized list of property which they claimed to have been either lost or damaged. This list contained several groups of property, including: (1) the dwelling, owned in fee simple by Mr. Hosey subject to mortgages held by the Jackson Company and James H. and Ann Byrd; (2) personal property owned by Mr. Hosey individually; (3) personal property owned by Mrs. Hosey individually; and (4) personal property owned by Mr. and Mrs. Hosey jointly. On October 8, 1975, the Hoseys executed a "Sworn Statement in Proof of Loss" which stated:
 "The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has been done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void . . ."
While settlement negotiations were continuing, South Carolina Insurance Company learned of a criminal arson investigation focusing on Mrs. Hosey and Quinton Johnson. Negotiations were terminated and the insurance company refused to pay the claims of either Felston or Myrtle Hosey. Subsequently, Mrs. Hosey and Johnson were convicted of the arson of the insured property. Mr. Hosey was neither charged nor implicated in the criminal proceedings concerning the arson.
Mr. Hosey brought this action alleging a breach of the insurance contract by both the Seibels Bruce Group and the South Carolina Insurance Company. The Seibels Bruce Group was released as a party defendant by the Pretrial Order of November 3, 1976, and the matter proceeded to trial by jury in the Circuit Court of Houston County.
At the close of the evidence, the trial judge charged the jury, in part, as follows:
 ". . . Now, the first provision means that not only is the plaintiff, Mr. Hosey here, a — the plaintiff in this case, is one who is insured by the contract, but there are certain other parties who are also classified as insured persons under this contract. That includes his wife and members of the household. And the second provision I read means that if the plaintiff's loss was a result of anything which he or his wife did or knew about or had control over which increased the hazard, which is a — the risk that the company had, was insuring against, causing the loss, then plaintiff would not be able to recover in this case.
 ". . . So, what again you are really concerned with is whether or not there was any conduct on the part of the wife which would cause this policy to be avoided in payment by the insurance company because of what she [Mrs. Hosey] done — did. . . ." *Page 753 
Out of the jury's presence, but before it retired to consider its verdict, Mr. Hosey made the following objection to the court's oral charge:
 "We would respectfully object to the Court — that portion of the Court's charge that stated that anything that the wife or other family member — members might have done to increase the hazard would have, would have avoided the policy and also that portion which specifically stated that conduct on the part of the wife could avoid the policy."
The trial judge acknowledged Mr. Hosey's objection and the record is clear that he understood the substance of this objection. He did not alter his previous charge to the jury.
The jury returned a verdict in favor of the insurance company. Mr. Hosey made a timely motion for new trial, which was denied, and filed a notice of appeal. He challenges only the propriety of the court's oral charge to the jury. Appellees argue that the charge was correct; and even if it were not, say that the objection was too general to preserve error.
Rule 51, ARCP, provides in pertinent part, that:
 ". . . No party may assign as error the giving or failing to give a written instruction, or the giving of an erroneous, misleading, incomplete, or otherwise improper oral charge unless he objects thereto before the jury retires to consider its verdict, stating the matter to which he objects and the grounds of his objection. . . ." (Emphasis Added)
In the recent case of Feazell v. Campbell, 358 So.2d 1017
(Ala. 1978), we emphasized the importance of stating the grounds upon which objection to the court's oral charge is founded. In Feazell, the defendant objected to the oral charge but stated no grounds for the objection. On appeal, the charge was challenged as misleading. This court held that, because the defendant did not challenge the charge as misleading, she could not raise the point on appeal. Where an oral charge is misleading or confusing, strict adherence to the Rule 51 grounds-stating requirement is necessary in order to achieve the essential purpose of Rule 51, which is ". . . to give the trial court an opportunity to correct the instructions and to avoid the waste of time and money from reversals that result from oversight, technical omissions, or remedial [remediable] mistakes. . . ." Feazell v. Campbell, supra, at 1020; Gardnerv. Dorsey, 331 So.2d 634, 636 (Ala. 1976).
We continue to adhere to this principle but should not permit an overly rigid enforcement of the rule to inhibit the fundamental policy of the Rules of Civil Procedure to disregard technicality and form in order that the civil rights of litigants may be asserted and tried on the merits.
The plaintiff's objection to the court's charge sufficiently stated his disagreement with it. His contention was that to charge the jury that Mr. Hosey could not recover if the jury found that his wife caused the fire was a misstatement of the law. His objection made this point and properly preserved it for review here. We now turn to that issue.
Principles of public policy forbid recovery to an insured who fraudulently and intentionally sets fire to the property covered by an insurance contract. Owl Turtle, Inc. v.Travelers Indem. Co., 554 F.2d 196 (5th Cir. 1977). However, the defense of arson or wilful burning will generally not operate to defeat an insured's recovery under a fire insurance policy where, as here, there has been no finding that the insured directly set the fire, had knowledge and authorized its setting or later ratified the wrongful act. Orient Ins. Co. v.Parkhill, 170 F.2d 510 (5th Cir. 1948); Feibelman v. ManchesterFire Assur. Co., 108 Ala. 180, 19 So. 540 (1895).
Where the property of an insured is tortiously destroyed by his or her spouse, the wrongful conduct is not attributed to the insured solely by virtue of the marital relationship.Shearer v. Dunn County Farmers Mutual Ins. Co., 39 Wis.2d 240,159 N.W.2d 89 (1968). *Page 754 
The insurance company contends that the law does not permit an innocent owner to recover on a policy of insurance where his co-owner/co-insured has wilfully set the jointly owned and insured property on fire. While some courts have so held, this rule has long been criticized as harsh and poorly reasoned. 5 Appleman, § 3594 (Rev. ed. 1969). Alabama has not previously directly addressed this issue. See Home Ins. Co. v. Pugh,51 Ala. App. 373, 286 So.2d 49 (1973).
It has been accurately noted that:
 "The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualification as one of the persons insured. . . ." Hoyt v. New Hampshire Fire Ins. Co., 92 N.H. 242, 29 A.2d 121, 123 (1942).
This assumption by an ordinary person is even more reasonable where, as here, he is the only named insured; Mrs. Hosey was an insured by definition. We think the view expressed in Howell v.Ohio Cas. Ins. Co., 130 N.J. Super. 350, 327 A.2d 240, 243
(1974), is reasonable:
 ". . . With respect to a fire insurance policy covering the interests of more than one insured . . . the obligation of the carrier should be considered several as to each person insured, and the fraud or misconduct of one insured should not bar recovery by the innocent co-insureds to the extent of their respective interests in the property involved."
Other states have also adopted this rule. Mechanics' Ins. Co.v. Inter-Southern Life Ins. Co., 184 Ark. 625, 43 S.W.2d 81
(1931) — (landlord allowed to recover despite arson by co-insured tenant); Home Ins. Co. v. Cohen, 357 S.W.2d 674 (Ky. 1962) — (partner allowed to recover despite arson by his co-insured partner); Simon v. Security Ins. Co., 390 Mich. 72,210 N.W.2d 322 (1973) — (wife allowed to recover value of stolen property taken by her co-insured divorced husband);Pleasant v. Motors Ins. Co., 280 N.C. 100, 185 S.E.2d 164
(1971) — (father allowed to recover despite arson of his co-insured son); Hoyt v. New Hampshire Fire Ins. Co., supra — (an innocent tenant-in-common allowed to recover despite arson by his co-insured cotenant); Rent-A-Car Co. v. Globe RutgersFire Ins. Co., 158 Md. 169, 148 A. 252 (1930) — (mortgagee allowed recovery despite arson of co-insured mortgagor);Phoenix Assur. Co. of N.Y. v. General Motors Acceptance Corp.,369 S.W.2d 528 (Tex.Civ.App. 1963) — filing of a false proof of loss statement did not bar innocent co-insured's recovery).
The insured interests of Mr. and Mrs. Hosey are severable; and neither the arson nor the fraud of Mrs. Hosey in filing a false proof of loss statement precludes recovery by Mr. Hosey to the extent of his interest in the insured property.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.