ECONOMY FIRE AND CASUALTY COMPANY, Plaintiff-Appellee, *v.* WILLIAM WARREN *et al.*, Defendants-Appellants.

First District (4th Division)   No. 78-924

Opinion filed May 3, 1979.

Howard T. Savage and Howard O. Edmonds, both of Chicago, for appellants.

Orner, Wasserman & Moore, of Chicago (Norton Wasserman and Helga E. Huber, of counsel), for appellee.

Mr. PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Economy Fire and Casualty Company, brought an action against Rose and William Warren, seeking rescission of a settlement agreement and restitution of proceeds paid to them pursuant to a fire insurance policy. Alternatively, the plaintiff sought a declaration of constructive trust for the payment of the proceeds. The trial court found that the settlement and payment were procured by fraud, and that the plaintiff had an equitable lien on the real estate owned by the defendants in the sum of $20,514.05 plus costs. Subsequent to the entry of judgment, the defendant Rose Warren died, and Linda Warren was appointed special administrator to represent the interest of the deceased defendant's estate on appeal. On appeal, the defendants argue (1) the trial court's findings are contrary to the manifest weight of the evidence; (2) the defendant, William Warren, is an innocent co-insured and therefore entitled to receive one-half of the judgment and costs; and (3) the trial court abused its discretion in denying the defendant William Warren's motion for a continuance.

Rose and William Warren were owners in joint tenancy of a residence at 331 East 90th Place, Chicago, Illinois. The home was covered by a fire insurance policy with the plaintiff when a fire damaged it on May 12, 1973. Representatives of the plaintiff and the Chicago Fire Department inspected the residence and concluded that the fire's origin was unknown and not suspicious. They believed the fire originated at the kitchen wall where both the stove and the trash basket were located. Proof of loss was executed by William Warren, and settlement was paid in the summer of 1973 in the total amount of $20,514.05.

On October 3, 1973, Rose Warren went to an office of the Allstate Insurance Company and told a claims supervisor, James Mitidiero that she had burned down her home and that Allstate had paid her on a claim. Mitidiero questioned her and wrote a statement which Rose Warren signed, stating she put a lighted piece of paper into the kitchen waste basket and then left the house and went to a movie. The plaintiff learned of the confession to Allstate and sent an investigator and a court reporter to talk to Rose Warren. At that time she said "I thought Allstate had the insurance on the house. I made a complete, truthful statement on the fire." At a subsequent deposition, Rose Warren also said that her statement to Allstate was accurate.

Rose Warren testified at trial that she did not know how the fire started and denied telling the Allstate representative that she set fire to the

house. She testified that she was nervous when she went to Allstate, and said she had been hospitalized twice for mental illnesses in the three years following the fire. The defendant William Warren filed an answer denying any fraudulent concealment or misrepresentation on his part in submitting his loss claim to the plaintiff. At trial, his attorney moved for a continuance based on a physician's affidavit that William Warren was unable to appear because he was bedridden as the result of a series of strokes. The trial judge denied the motion.

The defendants' first argument on appeal is that the trial court's finding that the settlement and payment of funds to the defendants were procured by fraud is against the manifest weight of the evidence. They maintain that Rose Warren's confession that she threw a lighted piece of paper into a kitchen trash can and then went to a movie is grossly inconsistent with the conclusions of the investigators who reported that the fire began in the area of the stove. Further, the defendants say the fact that Rose Warren made her confession to Allstate without knowing whether Allstate was her insurer indicates that she was not emotionally stable when she made the statement. The defendants conclude the trial court's determination was therefore premised solely upon an inaccurate admission of an irrational woman.

■■ We cannot agree with the defendants. Where a trial court has heard the testimony of witnesses, its findings of fact are entitled to great weight and will not be disturbed on appeal unless clearly and palpably against the manifest weight of the evidence. (*Schulenburg v. Signaltrol, Inc.* (1967), 37 Ill. 2d 352, 226 N.E.2d 624; *Cline v. Cline* (1956), 12 Ill. App. 2d 231, 139 N.E.2d 828.) Here, the record shows that within two months after the settlement payments were made, Rose Warren gave a clear written statement concerning the origin of the fire. She reaffirmed the truth of that statement on two subsequent occasions prior to trial. She did not challenge the veracity of the statement until called as a witness at trial. The reports of the investigators do not conflict with her version of the fire's origin. The investigators merely concluded that the origin of the fire was unknown, and each agreed with Rose Warren's statement that the fire started at the kitchen wall where both the stove and the trash container were located. In addition, the record does not disclose any competent evidence that Rose Warren was mentally ill or insane at the time of the fire or when she gave her initial written statement. We, therefore, conclude that the evidence is sufficient to support the finding that the fire was started by Rose Warren.

The defendant William Warren also contends that he was innocent of any wrongdoing and therefore is entitled to half the proceeds of the settlement. The plaintiff argues William and Rose Warren's interests in both the property and the insurance contract were joint and that the arson

of Rose Warren voids the policy in its entirety. Both parties agree that there are no Illinois cases addressing this precise issue.

In *Mercantile Trust Co. v. New York Underwriters Insurance Co.* (7th Cir. 1967), 376 F.2d 502, a life tenant committed fraud in filing a claim with the defendant insurer following a fire. The insureds under the policy were the plaintiff, as trustee, and the life tenant who committed the fraud. The Seventh Circuit, applying Illinois law, determined that the fraud of the life tenant did not bar recovery by *Mercantile*, the co-insured. The *Mercantile* court quoted with approval from a New Hampshire Supreme Court case, *Hoyt v. New Hampshire Fire Insurance Co.* (1942), 92 N.H. 242, 29 A.2d 121. In *Hoyt*, the policies insured three tenants in common of the property. One of the tenants in common intentionally set fire to the property. The court allowed the innocent tenants in common to recover, even though they were jointly named in the policies, holding that a contract may be divisible in some respects and indivisible in others. The court wrote:

> "Whether the rights of obligees are joint or several is a question of construction [citation], and in construing an insurance contract the test is not what the insurance company intended the words of the policy to mean but what a reasonable person in the position of the insured would have understood them to mean. [Citations.] The ordinary person owning an undivided interest in property, not versed in the nice distinctions of insurance law, would naturally suppose that his individual interest in the property was covered by a policy which named him without qualification as one of the persons insured. * * * [I]f the defendants intended the policies in question to be joint, that intention should have been clearly expressed." (92 N.H. 242, 243-44, 29 A.2d 121, 123.)

See also *Howell v. Ohio Casualty Insurance Co.* (App. Div. 1974), 130 N.J. Super. 350, 327 A.2d 240; *Simon v. Security Insurance Co.* (1973), 390 Mich. 72, 210 N.W.2d 322.

Other courts have concluded that the wrongdoing of one co-insured bars recovery as to all the insureds. This position is typified by *Klemens v. Badger Mutual Insurance Co.* (1959), 8 Wis.2d 565, 99 N.W.2d 865. In *Klemens*, the husband and wife obtained jointly a standard fire policy on their jointly owned property. The husband intentionally set fire to the property and the court found that the husband's fraud and neglect barred the wife from recovering. The court adopted the reasoning of the insurance company, which had argued "[b]ecause the agreement not to commit fraud is joint, with each insured promising that he and the other would not commit fraud, the breach * * * is chargeable to both insureds and precludes recovery by the innocent joint insured." 8 Wis.2d 565, 567, 99 N.W.2d 865, 866. See also *Ijames v. Republic Insurance Co.* (1971), 33

Mich. App. 541, 190 N.W.2d 366; *Kosior v. Continental Insurance Co.* (1938), 299 Mass. 601, 13 N.E.2d 423; *Home Insurance Co. v. Pugh* (1973), 51 Ala. App. 373, 286 So.2d 49; *Rockingham Mutual Insurance Co. v. Hummel* (1979), ___ Va. ___, 250 S.E.2d 774.

■█■ We prefer the reasoning of the *Mercantile* and *Hoyt* courts. William Warren was innocent of any wrongdoing in connection with the fire at his home. The arson of his wife should not be imputed to him so as to bar his recovery of one-half the insurance proceeds. We do not think the reasonable person in the position of William Warren would have supposed that the wrongdoing of his co-insured would be imputed to him. If the plaintiff intended such a result, it should have made the terms of the policy more express in this regard. The trial court erred in awarding the plaintiff an equitable lien on the full amount of the insurance settlement. William Warren is entitled to retain one-half, or $10,278.98, of the judgment and court costs granted to the plaintiff.

■█ ■ The defendants' final argument is that the trial court erred in denying William Warren's motion for a continuance. Trial courts have broad discretion in granting or denying motions for continuances, and unless there is a manifest abuse of discretion or a palpable injustice apparent in the record on appeal, the judgment of the lower court will not be disturbed. (*Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327.) A motion for a continuance on the ground of ill health of one of two party defendants is insufficient where there is no showing that his absence from trial jeopardized his case. (*Westlake v. Moffitt* (1975), 30 Ill. App. 3d 597, 334 N.E.2d 198.) Here, the record shows that the plaintiff accepted the defendant William Warren's stipulation that he knew nothing about the source of the fire and that he had no discussion with his wife about it. The trial court found that the presence of William Warren was not necessary to properly defend the cause. We cannot disagree with this assessment.

The judgment of the circuit court is reversed and the cause is remanded to the trial court to enter judgment in accordance with the views expressed herein.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.