DeSANTIS v MICHIGAN BASIC PROPERTY INSURANCE
ASSOCIATION

1. INSURANCE—WORDS AND PHRASES—PREMISES—BUILDING—CON-
TENTS—ELECTION TO REPAIR.

The word "premises" has been construed to be synonymous with
the word "building"; therefore, a trial court did not err in
determining that a fire insurer's election to repair the premises
owned by an insured, as set forth in a letter to the insured, did
not include an election to repair the contents of the building.

2. INSURANCE—STATUTES—BUILDING—CONTENTS—ELECTION TO RE-
PAIR.

The statutory language of a standard fire insurance policy may
be interpreted to allow an insurer to elect, and the parties are
free to agree upon, different methods of adjustment of losses to
buildings and their contents; therefore, a trial court did not err
by finding that an insurer should repair a building which it
insured but should pay for the building's contents within the
policy limits (MCLA 500.2832; MSA 24.12832).

Appeal from Wayne, Horace W. Gilmore, J.
Submitted December 7, 1977, at Detroit. (Docket
No. 31558.) Decided February 22, 1978. Leave to
appeal applied for.

Complaint by Jerome DeSantis and Mildred De-
Santis against the Michigan Basic Property Insur-
ance Association requesting appointment of an
umpire-appraiser to determine the extent of loss to
a building and its contents owned by the plaintiffs
and insured by the defendant. An umpire-ap-
praiser was appointed, and the defendant agreed
to repair the building. The trial court ordered
defendant to repair the building and to pay the

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 44 Am Jur 2d, Insurance §§ 1800, 1802.

policy limits for the contents. Plaintiffs appeal. Affirmed.

*Bacalis & Associates, P. C.,* for plaintiffs.

*Joseph Crystal, P. C.,* for defendant.

Before: M. F. Cavanagh, P. J., and J. H. Gillis and D. C. Riley, JJ.

J. H. Gillis, J. In April, 1976, a fire caused extensive damage to a funeral home owned by plaintiffs and insured by defendant. Plaintiffs commenced a suit in Wayne County Circuit Court after the parties could not agree on the amount of the loss. Plaintiffs' complaint requested the trial court to appoint an umpire-appraiser, which it did on August 16, 1976. Shortly thereafter, defendant elected to repair the premises pursuant to MCLA 500.2832; MSA 24.12832 which provides the following options to the insurer:

"It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."

Defendant's election was sent to plaintiffs within the 30-day limit in a letter which stated that:

"The Michigan Basic Property Insurance Association and the Metropolitan Detroit Loss Bureau have instructed me to advise you that Michigan Basic Property Insurance Association intends to exercise its option under the Standard Fire Insurance Contract, MCLA 500.2832, Paragraphs 141 through 147, to repair the *premises* at 26670 Charlevoix, Detroit, Michigan. In

view of this election, the necessity for appraisal is obviated. This election has been made in accordance with the above provisions." (Emphasis supplied.)

Defendant sent another letter to plaintiffs dated September 28, 1976, clarifying its repair election:

"The issue was raised at our initial appraisal meeting, as to whether or not if Michigan Basic elected to repair the building, an election to replace the contents or repair the contents would necessarily follow. After researching the issue and reading the provisions of the policy again, and noting the separate premiums charged, that it is the position of Michigan Basic that an election to repair the building necessarily creates a duty to repair or replace the contents. In the above captioned loss, the $30,000 limit of liability for contents is noted and there is no disagreement that the loss suffered was in that amount. If therefore Michigan Basic decides to exercise its option to repair the building, it will be for the building only."

As a result of this letter, plaintiffs filed affidavits claiming that defendant had breached its contract to repair both the building and its contents.

The trial court found no question of fact concerning whether or not defendant had made a valid election to repair under the statute. The trial court ruled that defendant had made an unequivocal election to repair the premises. However, the trial court also ruled that defendant's election to repair the premises did not include repairing the contents.

Hence, defendant was ordered to repair the building and pay the policy limits in respect to the contents.

Plaintiffs appeal, contending that 1) the trial court erred in ruling on a factual issue without

sufficient fact finding, and 2) the trial court erred in allowing defendant to repair the building and pay for the contents.

Plaintiffs' first allegation of error involves the issue of what defendant had elected to repair. Defendant's original election to repair concluded that,

"Michigan Basic Property Insurance Association intends to exercise its option under the Standard Fire Insurance Contract, MCLA 500.2832, Paragraphs 141 through 147, to repair the *premises* at 26670 Charlevoix, Detroit, Michigan." (Emphasis supplied.)

Plaintiffs interpret the aforementioned portion of defendant's letter as an election to repair both the building and its contents. Such an interpretation is clearly erroneous. The word "premises" has been construed to be synonymous with the word "building". Courts in other jurisdictions have held the words interchangeable.[1]

It appears that the trial court simply construed defendant's election to repair in accordance with the clear language set forth in defendant's letter, and determined that the election to repair the premises did not include an election to repair the contents.

Under such circumstances, no question of fact was presented to the trial court for determination. Therefore, plaintiffs' first allegation of error must fail.

Plaintiffs next contend that MCLA 500.2832; MSA 24.12832, lines 141–147, requires an insurer to elect to repair all or none of the damaged

---

[1] See *Everett v Patrons & Farmers Mutual Fire Insurance Co of Jackson County,* 222 Mo App 1010, 1018–1019; 7 SW2d 463, 468 (1928), and *Kenefick v Norwick Union Fire Insurance Co,* 205 Mo 294; 103 SW 957 (1907).

property. Hence, defendant could not elect to repair the building and pay for its contents.

As noted earlier, the Michigan Standard Fire Insurance Policy, MCLA 500.2832; MSA 24.12832, provides in part that:

"It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."

Defendant contends in its brief on appeal that:

"The language of the statute states it is optional with the insurance company to take all, *or any part,* of the property at the agreed or appraised value, *and also* to repair, rebuild or replace the property destroyed. The company may take all, or any part, *and* repair or replace. The legislature in writing the statute has chosen to use the words 'and also', a conjunction, to join the clauses defining the insurance companies' options. 'And' is defined as:

" 'Expressing the general relation of connection or addition, esp. accompaniment, participation, *combination,* contiguity, continuance, *simultaneity,* sequenu; thus; along or together with; added to or linked to; *as well as;* as without ceasing; *as at the same time;* in addition to being * * * .' Webster's New Int'l Dictionary, Second Edition (Unabridged).

* * *

"The options of the insurance company under the plain meaning of the statute indicate that it may take all, or any part of the property as well as repair or rebuild. It may elect to do so simultaneously, each in combination with the other."

Defendant's interpretation of the statute seems

consistent with the language contained therein even though other jurisdictions have held that an insurer may not split its method of adjustment.[2]

This Court has construed MCLA 500.2832; MSA 24.12832, lines 141–147, in *Ijames v Republic Insurance Co,* 33 Mich App 541; 190 NW2d 366 (1971), *lv den,* 385 Mich 775 (1971):

"We hold that where, as here, an election of one method of adjustment has been agreed to by the parties for 'contents only' the company is not barred from exercising its option 'to repair or * * * replace' the building insured in the same policy.

"The statute, or the contract *[viz.,* the policy], does not prohibit it; hence, the parties must be considered free to agree upon the differing methods as to the different coverages." 33 Mich App at 546.

Our reading of the *Ijames* case, *supra,* leads us to the conclusion that the insurer and the insured may agree upon different methods of indemnification in respect to different coverages pursuant to MCLA 500.2832; MSA 24.12832.

Hence, when a building and its contents are insured for separate amounts under one policy, the parties may agree upon different methods of adjustment for the building and its contents.

Accordingly, the trial court's order requiring defendant to repair the building and pay for its contents in accordance with the policy limits is affirmed. Costs to appellee.

---

[2] "Nor can the insurer elect to replace part of the property insured, and pay for the rest." 6 Appleman, *Insurance Law and Practice,* § 4003, p 702 (1972), citing *Globe & Rutgers Insurance Co v Prairie Oil & Gas Co,* 248 F 452 (CA 2, 1917), *Gowan v Homestead Mutual Insurance Co,* 272 Wis 127; 74 NW2d 634 (1956).