195 Ill. App.3d 340 (1990)
552 N.E.2d 353
DONALD FITTJE et al., Plaintiffs-Appellants and Cross-Appellees,
v.
CALHOUN COUNTY MUTUAL COUNTY FIRE INSURANCE COMPANY, Defendant-Appellee and Cross-Appellant.
No. 4-89-0585.
Illinois Appellate Court  Fourth District.
Opinion filed March 15, 1990.
*341 *342 Wiseman, Shaikewitz, McGivern, Wahl, Flavin & Hesi, P.C., of Alton, for appellants.
Jonathan H. Barnard and Gena J. Awerkamp, both of Schmiedeskamp, Robertson, Neu & Mitchell, of Quincy, for appellee.
Affirmed as modified in part and reversed in part.
PRESIDING JUSTICE KNECHT delivered the opinion of the court:
Plaintiffs appeal the decision of the circuit court of Calhoun County in their suit to compel the defendant insurer to pay their claim for the loss of personal and real property under the contract of insurance. The court found for plaintiff Donald Fittje but against his wife, Judy, because it found she was responsible for the fire. The court made an award to Donald, under the innocent-insured doctrine, of half the couple's joint losses but made a setoff for the entire amount paid to the deed holders for the real property loss against Donald alone. We affirm the trial court's decision but hold the setoff cannot be applied to the sums awarded Donald Fittje for the loss of personal property and living expenses.
In June 1985, plaintiffs Donald and Judy Fittje entered into a contract for deed to purchase a house and approximately 90 acres from James and Mildred Taviner. The plaintiffs then purchased an insurance *343 contract from the defendant, Calhoun County Mutual County Fire Insurance Company. The policy provided $65,000 coverage to the dwelling, $32,500 for personal property, and $13,000 for living expenses in case of damage to the residence. The Taviners were covered to the extent of their interest by a standard mortgage clause attached to the policy.
On February 13, 1986, the house was severely damaged by fire. The defendant investigated the fire and, on the basis of its findings, denied coverage to the plaintiffs.
The plaintiffs filed their complaint on June 12, 1986. They sought enforcement of the coverage under the contract and attorney fees and penalties under section 155 of the Illinois Insurance Code (Code) (Ill. Rev. Stat. 1985, ch. 73, par. 767). The defendant raised the defense of false swearing. The defendant then filed a counterclaim against the plaintiffs in the amount of $56,930. This sum represented the amount defendant had paid to the Taviners for the damage to the house.
At trial, Karl Swan, a friend of the Fittje family, was called and testified he was present in the home on the morning of the fire. He did not notice the smell of smoke or kerosene during his stay. Swan had been asked to the house to look at the family's water pump, which was not operating properly. He determined a bearing needed to be replaced. He left the home first, followed by Dawn Fittje, the plaintiffs' daughter, and then Judy. Judy locked the door and followed Swan as he drove away. Dawn also testified she did not notice any smoke or unusual odors that day.
Judy testified to the events described by Swan. She stated she locked the door as she left. She learned of the fire while at a nearby business approximately one-half hour later. She denied any knowledge of the cause of the fire. Donald testified he was at work in Missouri at the time of the fire and had no personal knowledge of its cause.
Terry Duncan, an investigator for the defendant, testified the fire had been burning about 20 to 25 minutes by the time the fire department arrived. His investigation revealed two distinct fires, and a fire caused by natural means would not have burned through the roof as quickly as the one here did. He maintained the burn patterns on the floor were consistent with the use of a flammable liquid. There was no apparent cause of the fire in any of the appliances. He concluded the fire was incendiary in nature.
The deposition of Jimmy Pau, an analytical chemist, was entered into evidence. He analyzed several samples taken from the fire scene by Duncan and found the presence of fuel oil in several of them, indicating a petroleum-based accelerant had been used to start the fire.
*344 James Scott, a fire investigator for the State Fire Marshal's office, also testified as to his investigation of the fire. He stated the origin of the fire in the utility room was of an undetermined cause. He also stated he found items in the house which an arsonist would generally remove, e.g., photographs, memorabilia, etc.
The court entered its written opinion on May 31, 1989. The court found for the defendant in regard to the claim by Judy, but found Donald was an innocent insured for purposes of the contract and entered judgment for him in the amount of half the total coverage, or $50,992.33. However, the court then awarded a setoff of $56,930 to the defendant for the amount paid to cover the loss of the Taviners. It also awarded defendants $5,937.67 and costs against Judy.
 1 In this case, the defendant raised the defense of false swearing, i.e., the sworn proof of loss submitted by the plaintiffs, which stated they had no knowledge of the origin of the fire, was false. The defendant accomplished this by showing the fire was intentionally set and establishing circumstantial evidence which strongly suggested plaintiff Judy Fittje was the one who set it. Motive, opportunity and the identity of the person starting the fire may be established by circumstantial evidence. Moore v. Farmers Insurance Exchange (1982), 111 Ill. App.3d 401, 444 N.E.2d 220.
 2 When a crime such as arson is an issue in a civil case, it need only be established by a preponderance of the evidence, rather than by proof beyond a reasonable doubt. The question before the reviewing court then becomes whether it was against the manifest weight of the evidence for the jury to find the preponderance of the evidence showed the plaintiff was guilty of misconduct in the origin of the fire. Moore, 111 Ill. App.3d 401, 444 N.E.2d 220.
Here, the trial court found the evidence pointed to the conclusion Judy had set the fire. The plaintiffs contend Judy had neither opportunity nor motive to set the fire. As to opportunity, plaintiffs argue the evidence shows the last three people to leave the home left one after the other, and there would have been no time for Judy to have set the fire. However, the evidence clearly showed Judy was the last to exit the house and she locked the door behind her. The evidence showed the fire was started with a petroleum product on the floor of the family and laundry rooms. Nothing in the evidence suggested it would have taken more than few seconds to accomplish this task or ruled out the possibility the fire could have started as defendant contends.
As to motive, the plaintiffs contend they had been discharged in bankruptcy and were behind only in one loan payment on a vehicle at *345 the time of the fire. However, the evidence showed the plaintiffs had taken on substantial financial obligations after the bankruptcy and had attempted unsuccessfully to sell their home or to arrange repurchase by the original seller. The plaintiffs continued to experience financial difficulties, and their attempts to sell their home indicated their first thought in attempting to resolve their economic dilemma focused on their home.
 3, 4 The use of circumstantial evidence is not limited to those situations where the circumstances support only one logical conclusion. Circumstantial evidence need not exclude all other inferences but must only be of such character that the inference drawn is reasonable. (Pace v. McClow (1983), 119 Ill. App.3d 419, 458 N.E.2d 4.) Only when there is a complete absence of probative facts with which to support the conclusion based on the circumstantial evidence does reversible error occur. (Sandburg-Schiller v. Rosello (1983), 119 Ill. App.3d 318, 456 N.E.2d 192.) While the circumstances here do admit of other explanations, a reasonable inference was drawn based on the facts in evidence. We find the trial court's decision was not against the manifest weight of the evidence.
The trial court found the plaintiff Donald Fittje was an innocent insured with no responsibility for the origin of the fire. As a result, it gave judgment for him in the amount of $50,992, which represented half the coverage due under the policy. It then made a setoff of $56,930 to cover the amount paid to the Taviners under the insurance contract.
 5 The plaintiffs contend the trial court erred and the appropriate setoff is $28,465. This represents half the property coverage under the insurance contract. We do not agree. The contract for deed is a joint obligation of the plaintiffs, and the trial court properly ordered a setoff for the amount paid to the third-party owners of the property. As both plaintiffs are jointly liable, the entire amount may be setoff against one party only. However, though this satisfactorily answers the question raised by plaintiffs on appeal, it does not dispose of the issue entirely.
Plaintiffs have relied on Watson v. State Farm Fire & Casualty Co. (1984), 122 Ill. App.3d 559, 461 N.E.2d 57. The court's holding there was when two insureds have a joint interest in the insured property and file separate claims, the liabilities attached to that property must be divided equally between the parties even where one party is an innocent insured and the other may be responsible for the loss. The court also held any payments made in excess of the actual liability should be recovered from the party at fault.
*346 Watson is only persuasive given these facts. The question presented here is whether the trial court may attempt to make the insurance company whole for the compensation paid by using the setoff to take money due to the innocent insured for personal property losses and living expenses to compensate the insurer for sums paid for the insured real property. The holding in Watson, while suggesting the innocent party should not be forced to bear responsibility for the loss, is that any joint liability must be divided between the parties. The trial court's finding for each of the parties was correct, and the setoff, as applied, had the effect of denying any coverage to Donald.
 6, 7 Where the husband was innocent of any wrongdoing in connection with the fire at his home, the arson of his wife could not be imputed to him so as to bar his recovery of half the insurance proceeds under the policy. (Economy Fire & Casualty Co. v. Warren (1979), 71 Ill. App.3d 625, 390 N.E.2d 361.) An insurance policy is not an insurance of the specific thing without regard to the ownership, but is a specific agreement of indemnity with the person insuring against such loss or damage as he may sustain. Patterson v. Durand Farmers Mutual Fire Insurance Co. (1940), 303 Ill. App. 128, 24 N.E.2d 740.
 8 In this case, the innocent insured was covered not only for the loss of his real property, but also for his personal property and living expenses. The plaintiff husband here clearly incurred such a loss and, under Warren, is entitled to the coverage in spite of the wrongdoing of his wife. For this reason, the setoff ordered by the trial court may only be applied to the portion of Donald's award which represented the loss of real property. In the insurance contract, coverage for real property, personal property, and living expenses are separate line items. While a single premium was charged for all the coverage under the contract, defendant's counsel represented to us that this premium necessarily includes proportional charges for coverage of personal property and living expenses. As it stands now, the insurer escapes all liability for any loss of personal property or living expenses incurred by the innocent insured. Such a result abrogates the innocent-insured doctrine and permits the insurer to escape a portion of its contractual obligation. We cannot permit such a result to stand. For this reason, the setoff will not be applied against that portion of the award made to Donald Fittje representing his loss of personal property and living expenses.
The defendant suggests such a holding is inequitable when the wife would be permitted to recover for her wrongdoing via her husband. The application of the innocent-insured rule does not provide a *347 windfall or temptation for the unscrupulous. The recovery is limited to the innocent partner, which in this case means the couple will recover only a small portion of their actual losses. We recognize the contract for deed was a joint obligation of the plaintiffs. The setoff is not to indemnify the insurer for sums paid on behalf of the plaintiffs, but to prevent a multiple recovery by different parties for a single loss.
 9, 10 The plaintiffs also claim the trial court improperly denied them attorney fees and penalties authorized by section 155 of the Code. (Ill. Rev. Stat. 1985, ch. 73, par. 767.) The court must consider the totality of circumstance in determining cases involving allegations of unreasonable delays in handling insurance claims. (Fisher v. Fidelity & Deposit Co. of Maryland (1984), 125 Ill. App.3d 632, 466 N.E.2d 332.) The allowance of fees and penalties under section 155 is within the sound discretion of the trial court, and its determination will not be disturbed on review absent an abuse of discretion. (Keller v. State Farm Insurance Co. (1989), 180 Ill. App.3d 539, 536 N.E.2d 194.) Here, given the substantial evidence of arson, the trial court did not abuse its discretion in refusing fees and penalties against an insurer who refused to pay what turned out to be a questionable claim.
 11 The defendant, on cross-appeal, maintains the court's finding Donald Fittje was an innocent insured was against the manifest weight of the evidence. The defendant did not introduce any evidence of Donald's involvement in the fire or that he had any knowledge of its origins before or after. Neither did defendant introduce any evidence he had any knowledge of his wife's unusual behavior after the fire which would lead him to suspect her involvement. The defendant had the burden of showing the affirmative defense of false swearing. While the trial court could have inferred such knowledge, it was not required to do so. Accordingly, the trial court's finding was properly made.
The decision of the trial court is affirmed in all respects save the application of the setoff to the award to Donald Fittje. That award now effectively becomes $22,527.33.
Affirmed in part and modified; reversed in part.
STEIGMANN and McCULLOUGH, JJ., concur.